IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LACIE DAVIS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> RICOLA USA, INC., <br><br> Defendant. | Case No. 3:22-cv-03071-SEM-KLM <br><br> Hon. District Judge Sue E. Myerscough <br><br> Hon. Magistrate Karen L. McNaught |

## PROTECTIVE ORDER

**PURSUANT TO APPLICATION, UPON AGREEMENT OF THE PARTIES, AND FOR GOOD CAUSE,** the Court enters the following Protective Order governing confidential and private material obtained in this case.

  1. Discovery in the above-captioned action may require the production or disclosure of documents, testimony, and information by and among the parties that a party reasonably believes contains information that would be the proper subject of a protective order under Rule 26(c) of the Federal Rules of Civil Procedure.

  2. This Protective Order governs any document, information, or other thing furnished by any party to any other party in the above-captioned action, and to any such materials furnished by any non-party to the above captioned action pursuant to a subpoena. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for the production of documents; deposition transcripts, videotapes, and exhibits; and other writings or things produced, given, or filed in this action that are designated by a party in accordance with this Protective Order; as well as to any copies, excerpts, abstracts,

analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

## I. Designation of Confidential Information

3. For purposes of this Protective Order, the "Confidential Information" designation means that the document is comprised of or includes the following:

    a. Trade secrets, as defined by 765 ILCS 1065/2.

    b. Commercial information that is not publicly known and that is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(7).

    c. Non-public financial records of either party and records of Defendant's former and current employees. This includes, but is not limited to, tax documents, pay records, financial statements, W-2 forms, 1099 forms, and insurance records.

    d. Defendant's confidential contracts with third parties, statements of work, invoices, and other documents or information subject to a confidentiality agreement between Defendant and a non-party to the above-captioned action.

    e. Personal information, as defined by 815 ILCS 530/5; Protected Health Information, as defined by the Health Insurance Portability and Accountability Act, as amended; and other sensitive information relating to an individual, such as bank account numbers.

    f. Other information required by law, agreement, or otherwise to be kept confidential.

4. Documents and things produced during the course of this litigation may be designated by the producing party as containing Confidential Information if the producing party or other individual in good faith reasonably believes that such information contains non-public, confidential, personal, proprietary or commercially sensitive information that requires the protections provided by this Order or otherwise is subject to protection other applicable law. The Documents and things produced during the course of this litigation may be designated by the producing party as containing Confidential Information if the producing party or other individual

in good faith reasonably believes that such information contains non-public, confidential, personal, proprietary or commercially sensitive information that requires the protections provided by this Order or otherwise is subject to protection other applicable law. The producing party may designate documents and things as Confidential Information by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, substantially as follows: "CONFIDENTIAL".

**II.    Designation of Attorneys' Eyes Only Information**

5.  For purposes of this Protective Order, the "Attorneys' Eyes Only Information" or "AEO" designation means that the document is comprised of or includes information that the producing party deems especially sensitive, which may include, but is not limited to, the following:

   a. Confidential research and development information.

   b. Current or projected financial information, including, but not limited to, profit and loss statements and estimated future earnings or revenues.

   c. Technical data, including, but not limited to, software source code, object code, firmware, structured data queries, and other machine instructions.

   d. Marketing materials, analytics, and metrics, and customer identities.

   e. Any other sensitive trade secret information.

6.  Documents and things produced during the course of this litigation may be designated by the producing party as containing Attorney Eyes Only Information if the producing party or other individual in good faith reasonably believes that such information contains information that the producing party deems especially sensitive, which may include, but not limited to, confidential research and development, financial, technical, marketing, customer identities, or any other sensitive trade secret information. The producing party may designate documents and things as Attorney Eyes Only Information by placing on each page and each thing

a legend, or otherwise conspicuously designated electronically stored information, substantially as follows: "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

**III.   Scope of this Protective Order**

7.   All parties to this action, all persons or entities that are lawfully subpoenaed in connection with this action, and all persons to who in Confidential Information or Attorney Eyes Only Information is furnished pursuant to Paragraphs 19 - 21 are subject to the provisions and requirements of this Protective Order.

8.   This Protective Order does not restrict or limit any party's ability to disclose its own materials and information as it sees fit, including its voluntary disclosure of its own Confidential Information or Attorney Eyes Only Information to persons not specified in Paragraphs 19 - 21 of this Order.

9.   Confidential Information and Attorney Eyes Only Information does not include, and this Protective Order does not apply to, information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

**IV.   Depositions**

10.   This Protective Order does not restrict or limit any party's ability to disclose its own materials and information as it sees fit, including its voluntary disclosure of its own Confidential Information or Attorney Eyes Only Information to persons not specified in Paragraphs 19 - 21 of this Order.

11.   If no such designation is made at the time of the deposition, any party will have fourteen (14) calendar days after the date of the deposition to designate, in writing, to the other parties and to the court reporter, whether the transcript or a portion thereof is to be designated as Confidential Information or Attorney Eyes Only Information.

12. If no such designation is made at the deposition or within this fourteen (14) calendar day period ( during which period, the transcript must be treated as Attorneys Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Attorney Eyes Only Information.

13. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order.

14. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Attorney Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

15. In the event of disclosure of Attorney Eyes Only Information during a deposition, only the reporter, the person, his or her counsel, the Court, and persons to whom disclosure otherwise may be made and who are bound by this Protective Order may be present during the disclosure or discussion of such information. Disclosure of material pursuant to Paragraphs 10 - 15 of this Protective Order does not constitute a waiver of the confidential status of the material so disclosed.

**V.**     **Inadvertent Failure to Designate**

16. The inadvertent failure to designate or withhold any information as Confidential Information, Attorney Eyes Only Information, or pursuant to a claim of privilege will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with

particularity. The information must be treated by the receiving party as Confidential Information or Attorney Eyes Only Information, as applicable, from the time the receiving party is notified in writing of the change in the designation.

## VI.  Challenges to Designations

17. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party will then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day timeframe, and after a good faith attempt to resolve the dispute, the receiving party may at any time thereafter seek an order to alter the confidential status of the designated information. Until any dispute under this Paragraph is ruled upon by the Court, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

## VII.  Disclosures and Use of Confidential Information and Attorney Eyes Only Information

18. Information designated as Confidential Information or Attorney Eyes Only Information may only be used for purposes of preparation, trial, and appeal of this action and any permissible appeals from the Orders and the final judgment of this Court. Confidential Information or Attorney Eyes Only Information may not be used under any circumstances for any other purpose including without limitation, any business, governmental, commercial, or other litigation (administrative or judicial) purpose.

19. Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective

Order: (1) the parties; (2) in-house and outside counsel of record to a party; (3) any person indicated on the face of a document to be the author of such document, an addressee, or a copy recipient of the document, or who otherwise prepared, received, or reviewed the information in question prior to its production; (4) supporting personnel employed by a party or its counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (5) experts or consultants retained by a party or its counsel, provided that such persons shall be provided with a copy of this Order and thereafter agree to be bound by this Order in the manner specified by Paragraph 22; (6) any witness at a deposition in this action, including in preparation for such a deposition, provided that such person, if not a party to this action, shall be provided with a copy of this Order and thereafter agree to be bound by this Order in the manner specified by Paragraph 22; and (7) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents, provided that such persons shall be provided with a copy of this Order and thereafter agree to be bound by this Order.

20.   Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of the terms of this Protective Order: (1) outside counsel for the receiving party; (2) with respect to Defendants, two in-house counsel who are identified by each such Defendant, and whose identities are furnished to the producing party, and who place access controls on the information such that only they can access it; (3) supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (4) experts or consultants retained by a party or its counsel, provided that such persons shall be provided with a copy of this

Order and thereafter agree to be bound by this Order in the manner specified by Paragraph 22; (5) any person indicated on the face of a document to be the author of such document, an addressee, or a copy recipient of the document, or who otherwise prepared, received, or reviewed the information in question prior to its production; (6) any persons requested by counsel to furnish services such as document coding,- image scanning; mock trial, Jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents, provided that such persons shall be provided with a copy of this Order and thereafter agree to be bound by this Order.

21. Confidential Information or Attorney Eyes Only Information additionally may be disclosed to a person who is not already allowed access to such information under this Protective Order if: (1) the information was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6); (2) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or (3) counsel for the party designating the material agrees that the material may be disclosed to the person.

22. Prior to disclosing Confidential Information or Attorney Eyes Only Information to a receiving party's proposed expert, consultant, vendor, or employees, subject to the applicable limitations of this Order, including as described in Paragraphs 19 - 21, the receiving party must provide to the producing party a signed Confidentiality Agreement in the form attached as Appendix A to this Protective Order. If the receiving party intends to disclose Confidential Information or Attorney Eyes Only Information to a proposed expert or consultant, the receiving party must additionally provide to the producing party the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, where applicable, and

any current and past consulting relationships in the industry. On receipt, the producing party will thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days constitutes approval. If the parties are unable to resolve any objection, the receiving party may apply to the Court to resolve the matter. There will be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the Court has ruled upon any resultant motion.

**VIII.   Non-Party Information**

23.    The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**IX.    Filing of Documents**

24.    If any party wishes to submit Confidential Information or Attorney Eyes Only Information to the Court, the submission must be redacted. When redactions result in a document's intent, purpose, or relevance being unclear, any party wishing to file an unredacted document designated as Confidential Information or Attorney Eyes Only Information in connection with a motion, brief, or other submission to the Court must comply with Local Rules 5.10(A)(2) and 5.1l(B).

**X.    No Prejudice**

25.    Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order , will not (1) operate as an admission by any party that any particular

Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (2) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (3) prejudice the rights of a party to seek a determination. by the Court that particular materials be produced; (4) prejudice the rights of a party to apply to the Court for further protective orders or (5) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for fa this Protective Order with respect to any particular information or material.

## XI. Conclusion of Litigation

26. Within sixty (60) calendar days after final judgment in this action including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information or Attorney Eyes Only Information and to certify to the producing party that this destruction or return has been done. However, counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

## XII. Other Proceedings

27. By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated Confidential Information or Attorney Eyes Only Information pursuant to this Protective Order must promptly notify that party of the motion and provide such party with a copy of the same, so

that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

### XIII. Remedies

28. This Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

29. Any party may petition the Court for good cause if the party desires relief from a term or condition of this Protective Order.

IT IS SO ORDERED.                                   Enter: December 1, 2022

s/ Karen L. McNaught
Karen L. McNaught
United States Magistrate Judge

-12-

# **APPENDIX A**

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LACIE DAVIS, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No.  3:22-cv-03071-SEM-KLM |
| v.    ) ) | Hon.  District Judge Sue E. Myerscough |
| RICOLA USA, INC., ) ) | Hon.  Magistrate Karen L. McNaught |
| Defendant. ) ) ) | |

**<u>CONFIDENTIALITY AGREEMENT</u>**

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," or "Attorney Eyes Only Information," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information or Attorney Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically

authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information or Attorney Eyes Only Information in a secure manner, and that all such documents and materials are to remain in my custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information or Attorney Eyes Only Information are to be returned to counsel who provided me with such documents and materials.

_____
Signed

_____
Printed Name

_____
Date