UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LACIE DAVIS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> - against -<br><br>RICOLA USA, INC.,<br><br>    Defendant | 3:22-cv-03071-CRL-KLM |

Memorandum of Law in Support of
Plaintiff's Motion for Class Certification

## TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................................................ii

TABLE OF AUTHORITIES ............................................................................................................iii

INTRODUCTION ............................................................................................................................1

FACTUAL BACKGROUND ...........................................................................................................1

LEGAL STANDARDS ....................................................................................................................2

ARGUMENT ...................................................................................................................................2

I.    REQUIREMENTS OF RULE 23(a) ARE SATISFIED ..................................................2

    A.    Common Questions Exist Because "Made With Swiss Alpine Herbs" was on All Products ...........................................................................................2

    B.    Plaintiff's Claims are Typical to Those of Other Class Members .........................3

    C.    Plaintiff and Plaintiff's Counsel Will Adequately Represent the Class Members .........................................................................................................4

    D.    The Proposed Class is Sufficiently Numerous ......................................................4

II.    REQUIREMENTS OF RULE 23(B)(3) ARE SATISFIED ...............................................4

    A.    Common Questions Predominate ..........................................................................4

    B.    Damages Can Be Established .................................................................................7

III.    REQUIREMENTS OF RULE 23(C)(4) ARE SATISFIED ............................................11

    A.    Rule 23(c) Authorizes Certification if Other Aspects are Not Satisfied ..............12

    B.    Rule 23(c) Allows Certification Where Damages are Uncertain .........................12

CONCLUSION ...............................................................................................................................13

## TABLE OF AUTHORITIES

**Cases**

*Amchem Prod., Inc. v. Windsor,*
  521 U.S. 591 (1997) .......................................................................................... 6, 10, 11

*Amgen Inc. v. Conn. Ret. Plans & Trust Fund,*
  568 U.S. 455 (2013) ............................................................................................... 6

*Arenson v. Whitehall Convalescent and Nursing Home, Inc.,*
  164 F.R.D. 659 (N.D. Ill. 1996) ............................................................................ 2

*Arreola v. Godinez,*
  546 F.3d 788 (7th Cir. 2008) ................................................................................ 2

*Beaton v. SpeedyPC Software,*
  907 F.3d 1018 (7th Cir. 2018) .............................................................................. 3

*Bell v. PNC Bank Nat'l Ass'n,*
  800 F.3d 360 (7th Cir. 2015) ............................................................................ 5, 12

*Bennett v. Dart,*
  53 F.4th 419 (7th Cir. 2022) ............................................................................... 12

*Benson v. Newell Brands, Inc.,*
  No. 19-cv-6836, 2021 WL 5321510 (N.D. Ill. Nov. 16, 2021) ......................... 7, 8

*Brazil v. Dole Packaged Foods, LLC,*
  No. 12-cv-1831, 2014 WL 2466559 (N.D. Cal. May 30, 2014) .......................... 9

*Butler v. Sears, Roebuck & Co.,*
  727 F.3d 796 (7th Cir. 2013) .................................................................. 6, 7, 11, 13

*Carnegie v. Household Int'l,*
  376 F.3d 656 (7th Cir. 2004) ............................................................................. 12

*Chicago Tchrs. Union, Loc. No. 1 v. Bd. of Educ. of City of Chicago,*
  797 F.3d 426 (7th Cir. 2015) ................................................................................ 7

*Comcast Corp. v. Behrend,*
  569 U.S. 27 (2013) .......................................................................................... 4, 7, 9

*Davis v. Ricola USA, Inc.,*
  No. 22-cv-3071, 2022 WL 4131588 (C.D. Ill. Sept. 12, 2022) ............................ 1

*De La Fuente v. Stokley-Van Camp, Inc.,*
  713 F.2d 225 (7th Cir.1983) ................................................................................. 3

*Eike v. Allergan, Inc.,*
  850 F.3d 315 (7th Cir. 2017) ................................................................................ 9

*Eike v. Allergan, Inc.*,
   No. 12-cv-1141, 2016 WL 4272127 (S.D. Ill. Aug. 15, 2016)..................................................9

*Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*,
   317 F.R.D. 374 (S.D.N.Y. 2016) ...............................................................................................8

*Goldwater v. Alston & Bird*,
   116 F.R.D. 342 (S.D. Ill. 1987) .................................................................................................3

*Gomez v. St. Vincent Health, Inc.*,
   649 F.3d 583 (7th Cir. 2011) .....................................................................................................4

*In re Fluidmaster, Inc., Water Connector Components Prods. Liab. Litig.*,
   No. 14-cv-5696, 2017 WL 1196990 (N.D. Ill. Mar. 31, 2017) ..................................................7

*In re IKO Roofing Shingle Prods. Liab. Litig.*,
   757 F.3d 599, 603 (7th Cir. 2014) ............................................................................................11

*In re Neopharm, Inc. Sec. Litig.*,
   225 F.R.D. 563 (N.D. Ill. 2004) .................................................................................................3

**Lemon v. Int'l Union of Operating Eng'rs**,
   216 F.3d 577 (7th Cir. 2000) .....................................................................................................5

*McMahon v. LVNV Funding, LLC*,
   807 F.3d 872 (7th Cir. 2015) ...................................................................................................11

*McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   672 F.3d 482 (7th Cir. 2012) ...................................................................................................13

*Mednick v. Precor, Inc.*,
   320 F.R.D. 140 (N.D. Ill. 2017) .................................................................................................8

*Messner v. Northshore Univ. HealthSystem*,
   669 F.3d 802 (7th Cir. 2012) .....................................................................................................2

*Mullins v. Direct Digital, LLC*,
   795 F.3d 654 (7th Cir. 2015) ...................................................................................................11

*Orr v. Shicker*,
   953 F.3d 490 (7th Cir. 2020) .....................................................................................................4

*Owner-Operator Indep. Drivers Ass'n, Inc. v. Allied Van Lines, Inc.*,
   231 F.R.D. 280 (N.D. Ill. 2005) .................................................................................................3

*P.J.'s Concrete Pumping Serv., Inc. v. Nextel W. Corp.*,
   345 Ill. App. 3d 992 (2004) .......................................................................................................5

*Pella Corp. v. Saltzman*,
   606 F.3d 391 (7th Cir.2010) ....................................................................................................11

*Ploss as Tr. for Harry Ploss Tr. DTD 8/16/1993 v. Kraft Foods Grp., Inc.*,
    431 F. Supp. 3d 1003 (N.D. Ill. 2020) .................................................................. 6

*Randolph v. Crown Asset Mgmt., LLC*,
    254 F.R.D. 513 (N.D. Ill. 2008) ........................................................................... 5

*Rosario v. Livaditis*,
    963 F.2d 1013 (7th Cir. 1992) ............................................................................. 2

*Simpson v. Dart*,
    23 F.4th 706 (7th Cir. 2022) .............................................................................. 12

*Smith v. Nike Retail Services, Inc.*,
    234 F.R.D. 648 (N.D. Ill. 2006) ........................................................................... 3

*Stewart v. Winter*,
    669 F.2d 328 (5th Cir. 1982) ............................................................................... 3

*Suchanek v. Sturm Foods, Inc.*,
    764 F.3d 750 (7th Cir. 2014) ........................................................................... 2, 5

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ......................................................................................... 5, 6

*Werdebaugh v. Blue Diamond Growers*,
    No. 12-cv-2724, 2014 WL 2191901 (N.D. Cal. May 23, 2014) ......................... 9

**Statutes**

815 ILCS 505/1, *et seq.* ............................................................................................ 1, 2, 11

**Rules**

Fed. R. Civ. P. 23 .................................................................................................... 5, 11

Fed. R. Civ. P. 23(a) .............................................................................................. 2, 3, 4

Fed. R. Civ. P. 23(a)(1) ................................................................................................ 4

Fed. R. Civ. P. 23(a)(2) ................................................................................................ 2

Fed. R. Civ. P. 23(a)(3) ................................................................................................ 3

Fed. R. Civ. P. 23(a)(4) ................................................................................................ 4

Fed. R. Civ. P. 23(b) .............................................................................................. 2, 4, 5

Fed. R. Civ. P. 23(b)(3) ...................................................................................... 2, 4, 9, 10

Fed. R. Civ. P. 23(c) .................................................................................................... 12

Fed. R. Civ. P. 23(c)(4) .................................................................................................. 11, 12, 13

## INTRODUCTION

Plaintiff Lacie Davis ("Plaintiff") will move this Court, before the Honorable District Judge Colleen R. Lawless and the Honorable Magistrate Karen L. McNaught, at the United States Courthouse, 600 E Monroe St, Springfield IL 62701, on a date and time that the Court will determine, for an Order certifying a class of Illinois purchasers ("Illinois Class") of cough suppressant and oral anesthetic lozenges "Made With Swiss Alpine Herbs" (the "Product") sold by Ricola USA, Inc. ("Defendant" or "Ricola") under the Ricola brand.[1]

## FACTUAL BACKGROUND

Plaintiff filed this action on May 8, 2022, alleging that the "front label representations including 'Cough Suppressant,' 'Oral Anesthetic,' 'Effective Relief,' 'Made With Swiss Alpine Herbs,' and pictures of ten herbs" were misleading because "the Product's therapeutic effect is not provided by any of the herbs pictured on the front label." Complaint, ECF No. 1 at ¶ 17.

Following Defendant's Motion seeking dismissal, filed on June 21, 2022, the Court permitted Plaintiff's consumer fraud claims, arising under the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), to proceed because "[Plainitff] plausibly alleges that a reasonable consumer would believe that Ricola lozenges are powered by 'Swiss Alpine Herbs' rather than ordinary menthol." *Davis v. Ricola USA, Inc.*, No. 22-cv-3071, 2022 WL 4131588, at *4 (C.D. Ill. Sept. 12, 2022).

The Court also denied dismissal of the unjust enrichment claim, given that "[t]he Court […] has found that [Plaintiff] states a claim under the ICFA." *Davis*, 2022 WL 4131588, at *6.

In addition, Plaintiff's claims for negligent misrepresentation, breach of express warranty, breach of implied warranty, breach of warranty under the Magnuson-Moss Warranty Act,

---

[1] Plaintiff chooses to waive multi-state claims arising under the state consumer fraud acts of Arkansas, Iowa, Maine, Montana, New Mexico, North Dakota, Ohio, Utah, Virginia, and Wyoming.

common-law fraud, and injunctive relief were dismissed.

## LEGAL STANDARDS

To certify a class, Plaintiff is required to "satisfy the requirements of Fed. R. Civ. P. 23(a) and fall within at least one of the categories identified in Rule 23(b)." *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008). Rule 23(a) sets forth the prerequisites for class certification: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy for maintaining a class. *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012). As will be demonstrated below, the proposed Class meets the requirements of Rule 23(a) and 23(b)(3), and should therefore be certified.

## ARGUMENT

I.   **REQUIREMENTS OF RULE 23(A) ARE SATISFIED**

   A.   <u>Common Questions Exist Because "Made With Swiss Alpine Herbs" was on All Products</u>

Rule 23(a)(2) requires Plaintiff to "show that there is at least one question of law or fact common to the class to satisfy the commonality requirement." *Arenson v. Whitehall Convalescent and Nursing Home, Inc.*, 164 F.R.D. 659, 663 (N.D. Ill. 1996).

Here, commonality is satisfied because whether **Defendant's** description of its cough suppressant and oral anesthetic lozenges ("cough drops") as "Made With Swiss Alpine Herbs" was misleading and contrary to the ICFA is a class grievance derived from a "common nucleus of operative fact[s]." *Rosario v. Livaditis*, 963 F.2d 1013, 1017-1018 (7th Cir. 1992).

Further, it is not necessary for Plaintiff to prove that every class member was motivated to **purchase the Product based on Defendant's** "Made With Swiss Alpine Herbs" misrepresentation **because** "a rule requiring 100% commonality would eviscerate consumer-fraud class actions." *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 759-60 (7th Cir. 2014).

Rule 23(a) only requires "at least one issue whose resolution will affect all or a significant number of the putative class members." *Goldwater v. Alston & Bird*, 116 F.R.D. 342, 347 (S.D. Ill. 1987) (citing *Stewart v. Winter*, 669 F.2d 328, 335 (5th Cir. 1982)).

B.     <u>Plaintiff's Claims are Typical to Those of Other Class Members</u>

The typicality requirement is satisfied because "the claims or defenses of [Plaintiff] are typical of the claims or defenses of the class." *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (quoting Fed. R. Civ. P. 23(a)(3)). Furthermore, "[t]ypical does not mean identical and the typicality requirement is liberally construed." *In re Neopharm, Inc. Sec. Litig.*, 225 F.R.D. 563, 566 (N.D. Ill. 2004).

In addition, typicality "requires neither complete coextensivity nor even substantial identity of claims." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Allied Van Lines, Inc.*, 231 F.R.D. 280, 282 (N.D. Ill. 2005). Therefore, "individual claims may feature some factual variations as long as they 'have the same essential characteristics.'" *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1026 (7th Cir. 2018); *De La Fuente*, 713 F.2d at 232; *Smith v. Nike Retail Services, Inc.*, 234 F.R.D. 648, 660 (N.D. Ill. 2006).

Plaintiff's claims are typical of all other class members' claims because all Products were labeled "Made With Swiss Alpine Herbs" and/or with pictures of the ten herbs. Even if there are minor differences in the specific purchase experience of Plaintiff and class members, these would not defeat typicality.

Typicality is met as Plaintiff and the proposed class assert exactly the same consumer fraud claim which arises from the same course of conduct, the statement "Made With Swiss Alpine Herbs," and/or pictures of the ten herbs, on every form of its cough drops represented as functioning as cough suppressants and oral anesthetics due to the presence of herbal ingredients.

This led to Plaintiff's and each class member's purchase and subsequent economic injury.

C.    <u>Plaintiff and Plaintiff's Counsel Will Adequately Represent the Class Members</u>

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." *See also Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). This is satisfied because Plaintiff and class members have a common interest in establishing Defendant's claim of "Made With Swiss Alpine Herbs" is deceptive and that they were similarly injured by paying more than they otherwise would have.

In addition, Plaintiff has retained counsel highly experienced in class-action litigation to prosecute her claims and those of the class, committed to this litigation. Exhibit A, Resume of Plaintiff's Counsel.

Plaintiff and Plaintiff's Counsel have no interest antagonistic to the vigorous pursuit of the class's claims against Defendant, as each class member's claims arise under the same legal theories, each was harmed in the same way, and each seeks the same recovery.

D.    <u>The Proposed Class is Sufficiently Numerous</u>

Rule 23(a)(1) requires the class to be so numerous that joinder of individual class members is impracticable. A plaintiff need not show the precise number of class members, and as few as 40 members render joinder impracticable. *See Orr v. Shicker*, 953 F.3d 490, 498 (7th Cir. 2020).

It is not disputed that Ricola sold thousands of units during the class period through third-parties including grocery stores, dollar stores, warehouse club stores, drug stores, convenience stores, big box stores, and online retailers in Illinois.

II.    **REQUIREMENTS OF RULE 23(B)(3) ARE SATISFIED**

A.    <u>Common Questions Predominate</u>

The "predominance criterion" of Rule 23(b) is "even more demanding than Rule 23(a)." *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013). Pursuant to Rule 23(b)(3), "the questions of

law or fact common to class members [must] predominate over any questions affecting only individual members."

However, "[n]either Rule 23 nor any gloss that decided cases have added to it requires that *every* question be common [because] [i]t is routine in class actions to have a final phase in which individualized proof must be submitted." *Suchanek*, 764 F.3d at 756 (emphasis in original).

Furthermore, "[t]he Supreme Court has explained that 'for purposes of Rule 23(a)(2) even a single common question will do.'" *Suchanek*, 764 F.3d at 755 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011)).

For common questions to predominate and satisfy the Rule 23(b) requirement, "each class member must share common questions of law or fact with the rest of the class, therefore making class-wide adjudication of the common questions efficient compared to the repetitive individual litigation of the same question." *Lemon v. Int'l Union of Operating Eng'rs*, 216 F.3d 577, 581 (7th Cir. 2000).

As such, "where a defendant is alleged to have acted wrongfully in the same basic manner towards an entire class," predominance is satisfied. *Randolph v. Crown Asset Mgmt., LLC*, 254 F.R.D. 513, 520 (N.D. Ill. 2008) (citing *P.J.'s Concrete Pumping Serv., Inc. v. Nextel W. Corp.*, 345 Ill. App. 3d 992, 1003 (2004)). Further, "[t]he fact that the plaintiff[] might require individualized relief or not share all questions in common does not preclude certification of a class" *Bell v. PNC Bank Nat'l Ass'n*, 800 F.3d 360, 379 (7th Cir. 2015).

While a plaintiff must establish that "questions of law or fact common to class members predominate over any questions affecting only individual members," the rule "does not require a plaintiff seeking class certification to prove that each 'elemen[t] of [her] claim [is] susceptible to classwide proof.'" *Amgen Inc. v. Conn. Ret. Plans & Trust Fund*, 568 U.S. 455, 459, 467-68

5

(2013). In part for this reason, "predominance is a test readily met in certain cases alleging consumer [] fraud." *Amchem Prod., Inc. v. Windsor,* 521 U.S. 591, 625 (1997).

Common questions predominate because "a class-wide proceeding [will] generate common *answers* apt to drive the resolution of the litigation" about whether "Made With Swiss Alpine Herbs" was deceptive and whether reasonable consumers were misled. *See Wal-Mart,* 564 U.S. at 350 (emphasis in original).

If each class member were to pursue his or her claim individually, the evidence to support those individual claims would be identical. No individualized issues will defeat predominance because all members of the Class need not have been exposed to each and every representation. No such inquiry is warranted here, as Ricola communicated the statement "Made With Swiss Alpine Herbs," and/or pictures of the ten herbs, to all class members, at all times, on the Product.

The "single, central, common issue of liability [is] whether ['Made With Swiss Alpine Herbs' was deceptive and misleading]." *Butler v. Sears, Roebuck & Co.,* 727 F.3d 796, 801 (7th Cir. 2013). Plaintiff will show that describing the Product as "Made With Swiss Alpine Herbs" claim is material to the "reasonable consumer," even though "[a] plaintiff is not required [] 'to prove materiality at the class certification stage.'" *Ploss as Tr. for Harry Ploss Tr. DTD 8/16/1993 v. Kraft Foods Grp., Inc.,* 431 F. Supp. 3d 1003, 1013 (N.D. Ill. 2020) (citing *Amgen,* 568 U.S. at 468).

This also means that Plaintiff "need not, at that threshold, prove that the predominating question will be answered in [her] favor." *Ploss,* 431 F. Supp. 3d at 1013. Furthermore, "[b]ecause materiality is judged according to an objective standard, the materiality of [Defendant's] alleged misrepresentations and omissions is a question common to all members of the class [Plainitff] would represent." *Amgen,* 568 U.S. at 459.

6

The annexed Expert Report concluded that "a majority of consumers overall and past purchasers of Ricola products would rather purchase cough drops whose medicinal benefits came from herbal ingredients only compared to from menthol." Exhibit B, Declaration of Andrea Lynn Matthews ("Matthews Decl."), ¶ 163.

B.  Damages Can Be Established

"[P]rice-premium damages calculations based on conjoint analysis designed to isolate the portion of the payment attributable to a misrepresented product feature have been accepted by several courts" in this Circuit. *Benson v. Newell Brands, Inc.*, No. 19-cv-6836, 2021 WL 5321510, at *5 (N.D. Ill. Nov. 16, 2021).

Furthermore, "[a] damages calculation that reflects the difference between the market price of the product as represented and as delivered is neither novel nor problematic from a class certification perspective." *In re Fluidmaster, Inc., Water Connector Components Prods. Liab. Litig.*, No. 14-cv-5696, 2017 WL 1196990, at *57 (N.D. Ill. Mar. 31, 2017).

Though Defendant may argue that "[q]uestions of individual damage calculations will inevitably overwhelm questions common to the class," Plaintiff has described how "to measure the amount that consumers would be willing to pay for cough drops that they believed obtained their cough suppressant and oral anesthetic benefits from herbal ingredients only, compared to those who obtained these benefits through menthol." *Comcast*, 569 U.S. at 34; Matthews Decl. at ¶¶ 165-189.

Nevertheless, "the fact that damages may be individualized in this case would not preclude certification." *Chicago Tchrs. Union, Loc. No. 1 v. Bd. of Educ. of City of Chicago*, 797 F.3d 426, 444 (7th Cir. 2015) (citing *Butler*, 727 F.3d at 801).

The measure of each class member's damages is the amount of "price premium" inherent

in the cough drops that class members purchased that corresponds to Defendant's "Made With Swiss Alpine Herbs" marketing claim.

Consumers are unable to individually negotiate the price they paid to purchase cough drops from retailers. The price of cough drops is determined collectively in the marketplace, and not by any one individual class member. Therefore, class members cannot discount the amounts attributable to the "Made With Swiss Alpine Herbs" claim, and all consumers pay the same amount for the attribute, regardless of how they value the attribute.

Even though retail prices of cough drops varied during the course of the class period, certification of a damages class is still appropriate because "[c]alculating a price premium can be as simple as computing the difference between the cost of the second best product in the product class (without a deceiving label) and the cost of the [P]roduct at issue (with the [challenged] label)."*Mednick v. Precor, Inc.*, 320 F.R.D. 140, 156 (N.D. Ill. 2017) citing *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 317 F.R.D. 374, 394 (S.D.N.Y. 2016)). As such, "[t]he Price Premium 'measures the extent to which all Class Members overpaid because of the extent to which Defendant[] could inflate [its] market price due to the Challenged Claims.'" *Benson*, 2021 WL 5321510, at *4.

Plaintiff's Expert Report identified "conjoint analysis" and "hedonic pricing" as tools capable of measuring the value of the "Made With Swiss Alpine Herbs" marketing attribute as a part of the total retail price of the Product. Matthews Decl. at ¶¶ 165-189.

Common sense, confirmed by the Expert Report, shows that "over forty percent of the target market for Ricola Original Herb cough drops believes that the medical benefit of these cough drops came from herbal ingredients only." Matthews Decl. at ¶ 160.

Demonstrating the existence of a viable damages model that makes use of common, class-

wide evidence is all that is required, because "[w]hether the damages model is accurate [. . .] is a question that will be determined by a finder of fact." *Eike v. Allergan, Inc.*, No. 12-cv-1141, 2016 WL 4272127, at *6 (S.D. Ill. Aug. 15, 2016), *vacated and remanded,* 850 F.3d 315 (7th Cir. 2017).[2]

These techniques do not require any individual inquiry and can produce class-wide results using common evidence. Indeed, regression analysis has been found sufficient to satisfy Rule 23(b)(3) and *Comcast* in other cases involving false and deceptive claims. *See Brazil v. Dole Packaged Foods, LLC*, No. 12-cv-1831, 2014 WL 2466559, at *17 (N.D. Cal. May 30, 2014) (finding that the "Regression Model isolates the effect of the alleged misrepresentation by controlling for all other factors that may affect the price" and thus satisfies *Comcast*); *Werdebaugh v. Blue Diamond Growers*, No. 12-cv-2724, 2014 WL 2191901, at *26 (N.D. Cal. May 23, 2014) (finding that a regression model is "sufficient under *Comcast*" because it is a "means of showing damages on a classwide basis," even if it may be subject to attack at trial).

A regression model satisfies *Comcast* because "[it] ensures that factors like brand loyalty and product quality remain constant. It also controls for variables such as [Defendant]'s advertising expenditures, the prices of competing and complementary products, the disposable income of consumers, and population." *Brazil*, 2014 WL 2466559, at *17.

Plaintiff's retained expert can rely on sales and pricing figures in possession of Ricola to capably demonstrate damages and restitution. Plaintiff seeks to recover the price overpaid for nonexistent product attributes, that the cough drops' oral anesthetic and cough suppressant functionality were provided by the ten Swiss herbs pictured on the front label, rather than only by

---

[2] *Eike v. Allergan, Inc.* was vacated and remanded because class members had no standing to sue, given the lack of an actionable injury.

9

menthol.

The aggregate damages may be distributed to individual class members in a post-judgment claims process using a notice and claim process designed to reach the majority of class members.

2.  **Class Treatment is Superior and Manageable**

Rule 23(b)(3) also considers whether "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." The four factors considered are: "(a) the class members' interests in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already begun by or against class members; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the likely difficulties in managing a class action." *Id.*

A class action is the superior method to fairly and efficiently adjudicate a controversy, as it will "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem*, 521 U.S. at 617. Here, Rule 23(b)(3) "superiority" considerations weigh heavily in favor of class certification.

First, class members would have no interest in pursuing individual actions. In fact, few class members would have any reason to know that Defendant's "Made With Swiss Alpine Herbs" representation is false or deceptive. Matthews Decl. at ¶ 160.

Indeed, it would be neither economically feasible, nor judicially efficient, for thousands of class members to pursue their claims on an individual basis because the monetary recovery for the majority is relatively small. This fact, coupled with the cost of litigation, makes vindication of class members' rights extremely difficult, if not impossible. Allowing consumers to proceed as a class affords them their only likely chance of recovery.

Finally, this case is manageable as a class action because liability will be established through common evidence that "Made With Swiss Alpine Herbs" was misleading, and damages can be calculated without the need for individualized inquiries to determine class members' entitlement to relief or the amount of that relief. *See Mullins v. Direct Digital, LLC*, 795 F.3d 654 (7th Cir. 2015) (limiting ascertainability to its traditional scope).

As the Supreme Court explained in drafting Rule 23, "the Advisory Committee had dominantly in mind vindication of 'the rights of groups of people who individually would be without effective strength to bring their opponents into court at all.'" *Amchem*, 521 U.S. at 617.

## III. REQUIREMENTS OF RULE 23(C)(4) ARE SATISFIED

Although Plaintiff has met the requirements for class certification of the class under Rules 23(a) and (b), the Seventh Circuit has encouraged district courts to employ Rule 23(c)(4) to identify "common issue[s] that [are] central to each class member's claim[s] [to] be certified and resolved in a class-wide proceeding." *McMahon v. LVNV Funding, LLC*, 807 F.3d 872, 875-76 (7th Cir. 2015).

Here, certification is warranted pursuant to Fed. R. Civ. P. 23(c)(4) "with respect to particular issues," such as Defendant's allegedly deceptive conduct, which caused "[c]onsumers seeing the Product's front label [to] expect its cough suppressant and oral anesthetic functionality [were] provided by its herbal ingredients." Compl. ¶ 22.

The Seventh Circuit recognizes that "[i]t is not hard to frame liability issues suited to class-wide resolution," such as "whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages" under the ICFA. *In re IKO Roofing Shingle Prods. Liab. Litig.*, 757 F.3d 599, 603 (7th Cir. 2014) (referencing Fed. R. Civ. P. 23(c) and citing *Butler*, 727 F.3d at 800 and *Pella Corp. v. Saltzman*, 606 F.3d 391, 393-94 (7th Cir.2010)); Compl.

11

¶ 60.

    A.    <u>Rule 23(c) Authorizes Certification if Other Aspects are Not Satisfied</u>

Should the requirements under Rule 23(b) "be satisfied as to some of [Plaintiff's] claims but not others," Rule 23(c) allows the Court to certify classes "with respect to particular issues" because "class certification is not an all-or-nothing proposition." *Simpson v. Dart*, 23 F.4th 706, 713 (7th Cir. 2022) (citing Fed. R. Civ. P. 23(c)(4)).

Though Plaintiff's expectation that the Product's therapeutic effect was provided by herbal ingredients was typical and weighs in favor of class resolution, even if "[she] might require individualized relief or not share all questions in common does not preclude certification." *Bell*, 800 F.3d at 379.

By certifying the class under Rule 23(c)(4), "[c]lass members would receive the benefit of a declaratory judgment (if the class prevails) on the issue [of whether the labeling was misleading] but would need to proceed in individual suits to seek damages." *Bennett v. Dart*, 53 F.4th 419, 420 (7th Cir. 2022).

    B.    <u>Rule 23(c) Allows Certification Where Damages are Uncertain</u>

That "separate proceedings of some character [could] be required to determine the entitlements of the individual class members to relief" was the reason for Rule 23(c)(4). *Carnegie v. Household Int'l*, 376 F.3d 656, 661 (7th Cir. 2004) (citing Fed. R. Civ. P. 23(c)(4)).

Since "there are [] issues identical across all the claimants," because all were subjected to the same unfair and deceptive representations with respect to the therapeutic effect of the Swiss Alpine Herbs listed and pictured on the front label, "it makes good sense, especially [because] the class is large, to resolve those issues in one fell swoop while leaving the remaining, claimant-specific issues to individual follow-on proceedings." *McReynolds v. Merrill Lynch, Pierce, Fenner*

12

& *Smith, Inc.*, 672 F.3d 482, 491 (7th Cir. 2012) (endorsing "issue classes" under Rule 23(c)(4) even if this would necessitate "hundreds of separate trials [. . .] to determine which class members were actually adversely affected by one or both of the practices and if so what loss [was] sustained").

Should the Court "determin[e] liability on a class-wide basis," "separate hearings to determine" damages for class members under "Rule 23(c)(4) [] will often be the sensible way to proceed." *Butler*, 727 F.3d at 801.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion for Class Certification and the relief specified, appointing her as class representative and her attorneys as counsel for the Class.

Dated:       June 22, 2023

Respectfully submitted,

/s/Spencer Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com

**Certificate of Service**

I certify that on June 22, 2023, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☐ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☒ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan