IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LACIE DAVIS, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. 3:22-cv-03071-CRL-KLM<br>) |
| v. | ) Hon. District Judge Colleen R. Lawless<br>) |
| RICOLA USA, INC., | ) Hon. Magistrate Karen L. McNaught<br>) |
| Defendant. | )<br>)<br>) |

**RICOLA USA, INC.'S MOTION FOR SUMMARY JUDGMENT**

**ORAL ARGUMENT REQUESTED**

COMES NOW Defendant Ricola USA, Inc. ("Ricola") by and through its undersigned counsel, and for its Motion for Summary Judgment, states as follows:

1. Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7.1(D), Ricola moves the Court for summary judgment in its favor on <u>five</u> independent grounds.

2. First, Ricola is entitled to summary judgment as a matter of law because there is no genuine issue of material fact that Plaintiff and other consumers were not deceived and/or harmed. The undisputed evidence in this case demonstrates that the menthol in the Product comes solely from herbs. Hence, Plaintiff cannot carry her burden to establish that a significant portion of reasonable consumers would be deceived by the Product's packaging.

3. Second, Ricola is entitled to summary judgment as a matter of law because Plaintiff cannot carry her burden to establish that the labeling of the Product proximately caused her any harm. Although her expert, Dr. Matthews, opined that she *might* be able to perform a damages analysis in the future if asked – no such work was ever done and all discovery has since closed in this matter. Without any evidence of damages and/or a viable damages model, Plaintiff cannot proceed to trial on her claims.

4. Third, Ricola is entitled to summary judgment as a matter of law because Plaintiff lacks Article III standing. Consumers (including Plaintiff) sought out a product with an active herbal ingredient because they believed it was superior to a synthetic ingredient (menthol). In reality, consumers who were seeking a product with an herbal active ingredient got exactly what they were looking for. Accordingly, Plaintiff has not met her burden to establish a concrete injury under Article III and she lacks standing to bring her claims.

5. Fourth, Ricola is entitled to summary judgment as a matter of law because Plaintiff cannot carry her burden to establish Ricola's "intent" that she rely on the challenged claims on the Product to provide any information regarding the Product's herbal properties – as Plaintiff has not

identified any documents, taken any depositions, or produced any expert evidence supporting this element.

6. Finally, Ricola is entitled to summary judgment as a matter of law because Plaintiff's claims are expressly preempted by the FDCA. Specifically, the Product's label is regulated by the FDA's over-the-counter "monograph" system. The FDA directs which ingredients must be listed as "active" and "inactive," in the ubiquitous Drug Facts Panel. Plaintiff alleges that she inferred from the statements "Cough Suppressant" and "Oral Anesthetic," the Product's name, and images of herbs on the front label that the Product's functions were provided by certain herbal ingredients. But Ricola accurately discloses menthol in the Product's Drug Facts Panel and is not required by the FDA to clarify its active ingredients by changing the Product's name (or otherwise disclosing the active ingredients on the front of the label to dispel Plaintiff's alleged confusion). Thus, Plaintiff's claims seek to impose additional requirements on Ricola inconsistent with the FDCA and are expressly preempted.

7. In support of its Motion, Ricola relies on its contemporaneously filed Statement of Undisputed Facts, Memorandum in support of this Motion, and declarations and exhibits thereto, which are adopted and incorporated herein. F.R.C.P. 10(c).

WHEREFORE, Ricola respectfully requests this Court grant summary judgment in its favor and against Plaintiff, and for such other and further relief as the Court deems just and proper.

Dated: November 17, 2023

Respectfully submitted,

By: */s/ David M. Poell*
David M. Poell (Ill. State Bar No. 6302765)
Sheppard Mullin Richter & Hampton LLP
321 N. Clark St., 32nd Flr.
Chicago, Illinois 60602
Telephone: (312) 499-6349
Facsimile: (312) 499-6301
E mail: dpoell@sheppardmullin.com

Paul Garrity (N.Y. State Bar No. 2756419)

-2-

Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza,
New York, NY 10112
Telephone:  (212) 653-8700
Facsimile:  (212) 653-8701
E mail: pgarrity@sheppardmullin.com

Sascha Henry (Cal. State Bar No. 191914)
Khirin A. Bunker (Cal. State Bar No. 329314)
Sheppard Mullin Richter & Hampton LLP
333 S. Hope St., 43rd Flr.
Los Angeles, CA 90071-1422
Telephone: (213) 620-1780
Facsimile: (213) 620-1398
E mail: shenry@sheppardmullin.com
         kbunker@sheppardmullin.com

*Counsel for Defendant Ricola USA, Inc.*

-4-

## CERTIFICATE OF SERVICE

    I, David Poell, an attorney, hereby certifies that, on November 17, 2023, a copy of the foregoing document was filed via this Court's CM/ECF electronic filing system, which effects service on all counsel of record in this matter.

Dated:  November 17, 2023

Respectfully submitted,

By: */s/ David M. Poell*

David M. Poell
*Counsel for Defendant Ricola USA, Inc.*