**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| LACIE DAVIS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:22-cv-03071-CRL-KLM |
| v. | ) ) | Hon. District Judge Colleen R. Lawless |
| RICOLA USA, INC., | ) ) | Hon. Magistrate Karen L. McNaught |
| Defendant. | ) ) ) ) | |

**DEFENDANT RICOLA USA, INC.'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION IN LIMINE NO. 2 TO EXCLUDE
PLAINTIFF'S EXPERT ANDREA LYNN MATTHEWS FROM OFFERING
TESTIMONY REGARDING CONSUMER DECEPTION**

**TABLE OF CONTENTS**

**Page(s)**

I.  INTRODUCTION .................................................................................................................1

II.  RELEVANT BACKGROUND ...........................................................................................2

      A.     Plaintiff Incorrectly Believes That The Menthol In the Product Is Not Herbal ..........................................................................................................2

      B.     Dr. Matthews Relied On The Same Mistaken Assumption In Preparing Her Flawed Questionnaires To Test Consumer Beliefs ...................................2

III.  ARGUMENT .......................................................................................................................3

      A.     Legal Standards ........................................................................................3

      B.     The Matthews Study Is Not Relevant To The Issues Before The Jury Because It Relies On False Assumptions .....................................................4

CONCLUSION ......................................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bourjaily v. United States*
   483 U.S. 171 (1987)..................................................................................................4

*Daubert v. Merrell Dow Pharms., Inc.*
   509 U.S. 579 (1993)................................................................................................4, 6

*Deere & Co. v. Ohio Gear*
   No. 02-4011, 2008 U.S. Dist. LEXIS 54117 (C.D. Ill. July 16, 2008)................................4, 5

*Goswami v. DePaul Univ.*
   8 F. Supp. 3d 1019 (N.D. Ill. 2014) ..................................................................................4

*Porter v. Whitehall Labs., Inc.*
   9 F.3d 607 (7th Cir. 1993) ..................................................................................................4

*Sachell v. Khan*
   No. 19 C 4597, 2022 U.S. Dist. LEXIS 155990 (N.D. Ill. Aug. 30, 2022) ..............................4

**Other Authorities**

Federal Rules of Evidence

   Rule 702 ..................................................................................................................3

Pursuant to the Court's Scheduling Order dated November 1, 2022 (ECF No. 16), Defendant Ricola USA, Inc. ("Ricola") respectfully submits the following Motion In Limine No. 2 seeking an order to from the Court, pursuant to Federal Rules of Evidence 702 and 703, barring Plaintiff from introducing any evidence or testimony in this action from her expert, Andrea Lynn Matthews, Ph.D. ("Dr. Matthews") regarding her flawed questionnaires.

## I. **INTRODUCTION**

Plaintiff brings claims against Ricola for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and for unjust enrichment.  She alleges that she was misled by the statement "Made With Swiss Alpine Herbs," and imagery of herbs on the front label of Ricola's Original Herb cough drops (the "Product"), to believe that the Product's "functions" were provided by <u>herbal</u> active ingredients.  When filing her complaint, Plaintiff relied on assumptions from her counsel that the menthol in the Product is non-herbal to allege she was deceived and harmed.

Relying on these same incorrect assumptions regarding the Product's active ingredient, Dr. Matthews designed two flawed questionnaires purporting to test consumer deception relating to a product that contained a <u>synthetic</u> menthol ingredient.  However, because these questionnaires were not designed to test consumer preferences and beliefs regarding the actual Product, they are entirely irrelevant and cannot possible help a trier of fact to determine a fact in issue.[1]  Accordingly, Ricola seeks an order barring Dr. Matthews from offering any expert opinions relating to these flawed questionnaires.

---

[1] Ricola has raised several similar arguments in its currently pending motion for summary judgment, including *inter alia* that this evidence cannot create any dispute of material fact regarding Plaintiff's alleged consumer deception.  (*See* ECF Nos. 34-35.)

## II.  RELEVANT BACKGROUND

**A.      Plaintiff Incorrectly Believes That The Menthol In the Product Is Not Herbal**

Plaintiff alleges that she was harmed because, after viewing the Ricola's Original Herb cough drops' (the "Product's") front label, she believed that "the Product functioned as a cough suppressant and oral anesthetic due to the presence of herbal ingredients." (ECF No. 1, Compl. ¶¶ 50, 68, 71; ECF No. 11, p. 12 (Plaintiff "alleges that she purchased Ricola lozenges for what she believed was their herbally derived therapeutic properties").)  Plaintiff admits that menthol is listed as the active ingredient in the Product's Drug Facts panel.  (ECF No. 1, Compl. ¶ 18; Henry Decl., Ex. 3, Davis Tr. 111:12-18.)  Plaintiff does not know the source of menthol, how it is used in products, or whether it can be an herbal ingredient.  (Henry Decl., Ex. 3, Davis Tr. 66:7-17, 110:7-10; *see also id.* 90:21-91:13.)   Despite filing this lawsuit, which alleges that the menthol in the Product is non-herbal, Plaintiff has never "actually looked it up to see if it is or not."  (*Id.*, Davis Tr. 108:1-7.)

Contrary to the assumptions made by Plaintiff and her counsel, Dr. Gafner confirmed that the menthol in the Product is 100% derived from the herbs *mentha arvensis* and *mentha × piperita* – i.e., that the menthol in the Product is herbal.  (Henry Decl., Ex. 2, Expert Report of Stefan Gafner, Ph.D. dated September 28, 2023 ("Gafner Report") ¶¶ 7, 28-30, 34-35.)  Plaintiff did not submit any expert report, or rebuttal expert report opining on whether or not the menthol in the Product is herbal.  Plaintiff has not produced any evidence showing that the menthol in the Product is synthetic.

**B.      Dr. Matthews Relied On The Same Mistaken Assumption In Preparing Her Flawed Questionnaires To Test Consumer Beliefs**

Plaintiff's only expert, Dr. Matthews, was asked to conduct a consumer survey consisting of two questionnaires to test certain consumer beliefs about the Product (the "Matthews Study").

(Henry Decl., Ex. 1, ¶¶ 16-19.)  However, like Plaintiff's Complaint, the Matthews Study was built around the false premise that the menthol in the Product is synthetic.  As such, both of Dr. Matthews' questionnaires misrepresented the nature of the Product's ingredients to respondents.

The first flawed questionnaire purported to test how consumers perceived the front label of the Product by showing it to them and asking consumers about the source of the Product's cough suppressant and oral anesthetic benefits (the "Flawed Front Label Study").  (Henry Decl., Ex. 1, ¶¶ 127-38.)  However, because Dr. Matthews apparently did not understand that the menthol in the Product is in fact an herbal ingredient, the potential responses in the Flawed Front Label Study failed to delineate between herbal menthol and synthetic menthol.  (*See* Henry Decl., Ex. 1, ¶ 134.)

The second flawed questionnaire purported to assess the extent to which consumers preferred to purchase cough drops where the cough suppressant and oral anesthetic benefits "came from herbal ingredients versus from menthol" (the "Flawed Preference Study").  (Henry Decl., Ex. 1, ¶ 139.)  Again, the Flawed Preference Study relied on a categorically incorrect premise: that the menthol in the Product is synthetic.  (Henry Decl., Ex. 4, Matthews Tr. 105:7-11 (Q. "The only analysis that you did was you only looked at those people who would either pick herbal only or menthol; right?" A. "We gave people a choice between herbal only and menthol only, that is correct.")

As a result, the Matthews Study is entirely irrelevant because it did not address consumer preferences related to the actual active ingredient in the Product – herbal menthol.

### III.   ARGUMENT

#### A.   Legal Standards

Rule 702 permits an expert to testify at trial if their testimony "will help the trier of fact  to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702(a).  District courts act

as a "gatekeeper" over all proffered expert or scientific testimony to ensure satisfaction of this threshold requirement. *See, e.g.*, *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). "Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Porter v. Whitehall Labs., Inc.*, 9 F.3d 607, 613 (7th Cir. 1993).

Plaintiff bears the burden of establishing the admissibility of her expert's testimony. See *Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987).

B.      <u>The Matthews Study Is Not Relevant To The Issues Before The Jury Because It Relies On False Assumptions</u>

"Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591; *see also Sachell v. Khan,* No. 19 C 4597, 2022 U.S. Dist. LEXIS 155990, at *13 (N.D. Ill. Aug. 30, 2022) (excluding expert opinion which did not relate to a "fact in issue" under Fed. R. Evid. 702(a)); *Goswami v. DePaul Univ.*, 8 F. Supp. 3d 1019, 1029-30 (N.D. Ill. 2014) (same, where plaintiff "failed to demonstrate that the proffered opinion testimony is relevant"); *Deere & Co. v. Ohio Gear*, No. 02-4011, 2008 U.S. Dist. LEXIS 54117, at *6, 10 (C.D. Ill. July 16, 2008) (excluding expert opinions which did "not make the existence of a fact that is of consequence to the outcome of this case more probable");

Here, in conducting her study, Dr. Matthews (like Plaintiff and her counsel) made an incorrect assumption of fact: that the menthol in the Product was synthetic – and could not properly be understood to be an herbal ingredient.  As such, Dr. Matthews attempted to assess "the extent to which consumers preferred to purchase cough drops where the cough suppressant and oral anesthetic benefits came from *herbal ingredients <u>versus</u> from menthol*" and "preferences for cough drops which derive *the medicinal benefit from only herbal ingredients <u>compared to</u> menthol*." (Henry Decl., Ex. 1, ¶¶ 139, 159 (emphasis added).)  Hence, her consumer testing (in addition to other flaws, such as failing to show respondents the entirety of the labeling at issue) was simply not designed to address consumer preferences related to the actual active ingredient in the Product – herbal menthol.  (*See* Henry Decl., Ex. 4, Matthews Tr. 154:15-23 (Q. "So your analysis that you were tasked with was to compare herbal only versus menthol only, not herbal

only versus anything else that could be the active ingredient; is that correct?" A. "Our analysis for materiality was to assess preferences for herbal only versus menthol only. That was represented to us as the nature of the complaint.").)

This is not the first time that Dr. Matthews (or Plaintiffs' counsel) have relied on false assumptions in attempting to establish consumer deception. In *Elder v. Bimbo Bakeries*, an expert report submitted by Dr. Matthews was ruled insufficient to create a material dispute of fact on the element of deception because it similarly relied on a false assumption (again supplied by Plaintiffs' counsel here) and summary judgment was granted in favor of the defendant. 2023 U.S. Dist. LEXIS 176362, at *6. Specifically, in *Elder*, the plaintiff alleged that the defendant's "All Butter Loaf Cake" would mislead a reasonable consumer to believe that the butter in the product provided all of the product's flavor and shortening function when, instead, they were provided by artificial flavors and/or soybean oil. *Id.* at *2-3. At summary judgment, the defendant argued that plaintiff had not offered any evidence to substantiate that butter did not provide the product's flavor or shortening function. *Id.* at *11-13. In response, the plaintiff attempted to rely on a purported "Consumer Confusion Survey" in which "Dr. Matthew[s] made the assumption that, in fact, the product was not butter flavored and shortened by butter alone." *Id.* at *18. Rejecting Dr. Matthews' survey, the court explained that the problem underlying this assumption was that "there is no evidence that the product here has its butter flavor or its shortening from anything but butter." *Id.* Because Dr. Matthews had no basis for this assumption (other than bare assertions from Plaintiff's counsel) the court found that the "survey provides no help to Plaintiff in her effort to show the existence of evidence" to meet the reasonable consumer standard. *Id.* at *19.

The Matthews Study here suffers from a nearly identical flaw, rendering it irrelevant to the consumer deception issues before the jury. In designing her survey questions, Dr. Matthews did not bother to delineate between herbal menthol and synthetic menthol because she incorrectly assumed that the menthol in the Product was synthetic. As a result, the responses in the Flawed Front Label and Preference Studies can only establish that consumers might: (1) believe that the

Product's active ingredient is herbal and/or menthol based on the front of the package (any combination of these answers are correct); and (2) have a slight preference for herbal active ingredients over synthetic menthol (which is not in the Product).  (*See* Henry Decl., Ex. 1, ¶¶ 33-35, 159-63.)

Accordingly, any purported expert opinions offered by Dr. Matthews based on these findings are not relevant to the determination of any issue in the case and should be excluded. *Daubert*, 509 U.S. at 591.

## **CONCLUSION**

For the foregoing reasons, Ricola requests that the Court order that Dr. Matthews be barred under Federal Rules of Evidence 702 and 703 from testifying regarding the Matthews Study or any conclusion related thereto.

Dated:  April 19, 2024

Respectfully submitted,

By: */s/ David M. Poell*
David M. Poell (Ill. State Bar No. 6302765)
Sheppard Mullin Richter & Hampton LLP
321 N. Clark St., 32nd Flr.
Chicago, Illinois 60602
Telephone:  (312) 499-6349
Facsimile:  (312) 499-6301
E mail: dpoell@sheppardmullin.com

Paul Garrity (N.Y. State Bar No. 2756419)
Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza,
New York, NY 10112
Telephone:  (212) 653-8700
Facsimile:  (212) 653-8701
E mail: pgarrity@sheppardmullin.com

Sascha Henry (Cal. State Bar No. 191914)
Khirin A. Bunker (Cal. State Bar No. 329314)
Sheppard Mullin Richter & Hampton LLP
333 S. Hope St., 43rd Flr.
Los Angeles, CA 90071-1422

-7-

Telephone: (213) 620-1780
Facsimile: (213) 620-1398
E mail: shenry@sheppardmullin.com
          kbunker@sheppardmullin.com

*Counsel for Defendant Ricola USA, Inc.*

## CERTIFICATE OF COMPLIANCE

This Ricola's Motion in Limine No. 2, which contains 2,284 words, complies with the type volume limitations of Local Rule 7.1(B).


By:  */s/ David M. Poell*
David M. Poell

## <u>CERTIFICATE OF SERVICE</u>

I, David Poell, an attorney, hereby certifies that, on April 19, 2024, a copy of the foregoing document was filed via this Court's CM/ECF electronic filing system, which effects service on all counsel of record in this matter.

Dated:  April 19, 2024                                 Respectfully submitted,

By: */s/ David M. Poell*

David M. Poell
*Counsel for Defendant Ricola USA, Inc.*