EXHIBIT L

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF ILLINOIS

### SPRINGFIELD DIVISION

| | |
|---|---|
| LACIE DAVIS, individually and on behalf of all others similarly situated, | ) ) |
| | ) Case No.  3:22-cv-03071-SEM-KLM |
| Plaintiff, | ) |
| | ) Hon.  District Judge Sue E. Myerscough |
| v. | ) |
| | ) Hon.  Magistrate Karen L. McNaught |
| RICOLA USA, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

### DEFENDANT'S RESPONSES TO PLAINTIFF'S
### FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Ricola USA, Inc., ("Ricola"), by and through its undersigned counsel, hereby responds to Plaintiff Lacie Davis's ("Plaintiff") First Set of Requests for Admissions Nos. 1-34 to Defendant.

### PRELIMINARY STATEMENT

Ricola has not completed its investigation of the facts relating to this case and has not completed preparation for trial.  The following Responses are based on information known to Ricola at this time, after reasonable inquiry and investigation.  It is anticipated that discovery and further investigation, legal research, and analysis will supply additional facts, add meaning to known facts, and establish entirely new factual and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the Responses contained herein.  These Responses should in no way be to the prejudice of Ricola in relation to further discovery, research, analysis, or production of evidence.

Ricola reserves the right to amend or supplement these Responses in the event of mistake, oversight, or omission. These Responses are made without prejudice to Ricola's right to identify and use other documents not disclosed herein or produced in response hereto, including, without limitation, subsequently discovered documents and documents presently known to Ricola but whose specific relevance, significance, or applicability to the subject matter of this lawsuit has not yet been ascertained.

To the extent Ricola identifies or agrees to produce certain documents in these Responses, it does so without prejudice to identify, produce or use at a later date any additional documents that may be discovered as a result of any additional investigation, legal research, or discovery.

The inadvertent disclosure of confidential or privileged documents in connection with these Reponses by Ricola does not constitute a waiver of any applicable privilege, nor should the production of any document be construed to waive any objection to the admission of that document in evidence, including, without limitation, relevancy.

Each Response contained herein is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections that would require the exclusion of any documents identified herein or produced in response hereto if any of the documents identified herein or produced in response hereto were offered into evidence. All such objections and grounds are reserved and may be interposed at the time of trial. In responding to these Requests, Ricola does not waive any proper objection to the use or introduction into evidence of its Responses or documents identified herein or produced in response hereto.

This Preliminary Statement is incorporated by reference into each Response contained herein.

**OBJECTIONS TO DEFINITIONS**

1.      Ricola objects to Plaintiff's definitions of the term "Representations" on the grounds that it renders the Requests overbroad, unduly burdensome and seeks irrelevant documents and information as it includes label statements not at issue in this litigation.  In particular, the definition includes: "1. Ricola"; "2. Made With Swiss Alpine Herbs"; "3. Cough suppressant"; "4. Oral anesthetic"; "5. Original Herb Cough Drops"; "6. Great tasting"; "7. Effective relief"; "8. Peppermint"; "9. Elder"; "10. Wild thyme"; "11. Horehound"; "12. Hyssop"; "13. Mallow"; "14. Thyme"; "15. Lemon balm"; "16. Linden flower"; "17. Sage" which is not limited to the label statements identified in the Operative Complaint.

2.      Ricola objects to Plaintiff's definition of the "Relevant Time Period."  In particular, the definition states "The term 'Relevant Time Period' means from May 8, 2018 to the present."  On those grounds, and unless otherwise indicated in the responses below, Ricola will not search for, or produce, documents created before May 8, 2018.

**GENERAL OBJECTIONS**

Each Response contained herein is subject to the following General Objections. These General Objections form a part of each Response and are set forth here to avoid duplication and repetition caused by restating them in each Response.  These General Objections may be specifically interposed for the purpose of clarity in Response to an individual Request. However, the failure to specifically incorporate any General Objections in a particular Response should not be construed as a waiver of the objection.

1.      Ricola objects to the Requests to the extent they require Ricola to obtain and produce documents from persons over whom it has no control.  Ricola responds to, and will produce documents responsive to, the Requests only on behalf of itself.

2.      Ricola objects to the Requests to the extent that they are vague, ambiguous, or otherwise lack sufficient precision to permit a Response.

3.      Ricola objects to the Requests to the extent that they call for the production of documents that would reveal its trade secrets or other confidential research, development, commercial or proprietary information, or information that may be protected by a right of privacy under either the United States Constitution, Article 1 of the Constitution of the State of California or any other applicable law.  Ricola reserves the right to produce such non-privileged, responsive documents only pursuant to a protective order duly entered by the court appropriately limiting the control, use and disposition of such documents.

4.      Ricola objects to the Requests to the extent they seek the production of documents that are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

5.      Ricola objects to the Requests to the extent that they seek the production of documents that are publicly available, more readily and more appropriately collected from sources other than Ricola, and/or more practically obtained through other methods.

6.      Ricola objects to the Requests to the extent that they are overbroad and unduly burdensome.

7.      Ricola objects to the Requests to the extent they may be construed to request the production of documents prepared in anticipation of litigation; that constitute or reflect attorney work product; that disclose the mental impressions, conclusions, opinions or legal theories of any attorneys for Ricola; that contain privileged attorney-client communications; or that are otherwise protected from production under applicable privileges, laws or rules.  Ricola will not produce any such privileged or protected documents.  Inadvertent

production of any such documents shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such documents.  Nor shall such inadvertent production or disclosure waive the right of Ricola to object to the use of any such documents during this action or in any other subsequent proceeding.  Ricola requests the immediate return of any such inadvertently produced documents.

8.      Ricola objects to the Requests to the extent they are ambiguous or excessive as to time frames and thus are overbroad.

9.      Ricola objects to the Requests to the extent that they attempt to impose obligations on Ricola other than those imposed or authorized by applicable law or rule.  Ricola further objects to the Requests to the extent that obtaining and compiling responsive documents would impose a vexatious and undue burden on Ricola, and thus the Requests are oppressive and/or are merely intended to harass.

The foregoing objections are incorporated into each of the responses set forth below.  Without waiving any of these objections, Ricola responds to each of Plaintiff's Requests as follows:

## **RESPONSES TO REQUESTS**

**REQUEST NO. 1:** Documents containing employee lists and organizational charts during the Relevant Time Period, including but not limited to organizational charts reflecting your agents or employees whose responsibilities include the research, design, manufacture, marketing, advertising, or sale of the Product.

**RESPONSE TO REQUEST NO. 1:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

1.      Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

2.      Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3.      Ricola objects to this Request on the ground and to the extent that it seeks information protected by the privacy rights of third parties, including individuals.

4.      Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

5.      Ricola objects to this Request on the ground that the phrase "Documents containing employee lists and organizational charts during the Relevant Time Period, including but not limited to organizational charts reflecting your agents or employees whose responsibilities include the research, design, manufacture, marketing, advertising, or sale of the Product" is vague and ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 2:** Documents identifying all persons, including their title or position, that have specific, detailed knowledge or information relevant to the facts alleged and the claims in the Complaint, and the scope and nature of each person's knowledge.

**RESPONSE TO REQUEST NO. 2**: In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

1.      Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

2.      Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3.      Ricola objects to this Request on the ground and to the extent that it seeks information protected by the privacy rights of third parties, including individuals.

4.      Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

5.      Ricola objects to this Request on the ground that the phrase "identifying all persons, including their title or position, that have specific, detailed knowledge or information relevant to the facts alleged and the claims in the Complaint, and the scope and nature of each person's knowledge" is vague and ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 3:** Documents identifying all persons, including their title or position, who were involved in the creation, design, drafting, utilization, approval, manufacturing, marketing, labeling and/or content of labels and packaging for the Product.

**RESPONSE TO REQUEST NO. 3:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

1.      Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

2.      Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3.      Ricola objects to this Request on the ground and to the extent that it seeks information protected by the privacy rights of third parties, including individuals.

4.      Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

5.      Ricola objects to this Request on the ground that the phrase "identifying all persons, including their title or position, who were involved in the creation, design, drafting, utilization, approval, manufacturing, marketing, labeling and/or content of labels and packaging for the Product" is vague and ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 4:** All documents relied upon in preparing responses to any discovery demands issued in this action.

**RESPONSE TO REQUEST NO. 4:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

1.      Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

2.      Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3.      Ricola objects to this Request on the ground and to the extent that it seeks information protected by the privacy rights of third parties, including individuals.

4.      Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

5.      Ricola objects to this Request on the ground that the phrase "relied upon in preparing responses to any discovery demands issued in this action" is vague and ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 5:** All documents that describe, summarize, analyze, discuss or comment on your efforts to market, advertise, and promote the Product, including but not limited to the labeling and packaging of the Product.

**RESPONSE TO REQUEST NO. 5:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

1.      Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

2.      Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3.      Ricola objects to this Request on the ground and to the extent that it seeks information protected by the privacy rights of third parties, including individuals.

4.      Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

5.      Ricola objects to this Request on the ground that the phrase "describe, summarize, analyze, discuss or comment on your efforts to market, advertise, and promote the Product, including but not limited to the labeling and packaging of the Product" is vague and ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 6:** Documents evincing each compositional and presentational change made to the Product and its marketing from the relevant date to present. For each change, state (a) what was changed (b) why the change was made; and (c) when the change was made.

**RESPONSE TO REQUEST NO. 6:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

      1.      Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

      2.      Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

      3.      Ricola objects to this Request on the ground and to the extent that it seeks information protected by the privacy rights of third parties, including individuals.

      4.      Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

      5.      Ricola objects to this Request on the ground that the phrase "evincing each compositional and presentational change made to the Product and its marketing from the relevant date to present" is vague and ambiguous, overly broad and unduly burdensome.

      6.      Ricola objects to this Request on the ground that the Request includes a demand which attempts to impose obligations on Ricola other than those imposed or authorized by applicable law or rule.  Specifically, the Request improperly attempts to cause Ricola to create documents to "state (a) what was changed (b) why the change was made; and (c) when the change was made."

**REQUEST NO. 7:** Documents regarding your decision-making process and decision on the colors, fonts, typography, graphics and formatting for the Product's packaging, including the intended, anticipated, and actual implications of, and inferences consumers draw from these decisions.

**RESPONSE TO REQUEST NO. 7:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

       1.     Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

       2.     Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

       3.     Ricola objects to this Request on the ground and to the extent that it seeks information protected by the privacy rights of third parties, including individuals.

       4.     Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

       5.     Ricola objects to this Request on the ground that the phrase "regarding your decision-making process and decision on the colors, fonts, typography, graphics and formatting for the Product's packaging, including the intended, anticipated, and actual implications of, and inferences consumers draw from these decisions" is vague and ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 8:** All correspondence with the FDA or other regulatory bodies, whether in other nations or trans-national, which may assert authority over, or possesses expertise, relating to the labeling of the Product or substantially similar products over the last 10 years.

**RESPONSE TO REQUEST NO. 8:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

      1.    Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

      2.    Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

      3.    Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

      4.    Ricola objects to this Request on the ground that the phrase "correspondence with the FDA or other regulatory bodies, whether in other nations or trans-national, which may assert authority over, or possesses expertise, relating to the labeling of the Product or substantially similar products over the last 10 years" is vague and ambiguous, overly broad and unduly burdensome.

      Subject to and without waiving the foregoing objections, Ricola responds that it has not received any correspondence from the FDA or other US regulatory bodies in which the regulatory agency expressed any concern about the Product's label depiction or mention of herbs during the Relevant Time Period (which Plaintiff has defined for purposes of these Requests as May 8, 2018 to the present).

**REQUEST NO. 9:** Correspondence between you and suppliers and packagers of the Product.

**RESPONSE TO REQUEST NO. 9:**  In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

   1. Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

   2. Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

   3. Ricola objects to this Request on the ground and to the extent that it seeks information protected by the privacy rights of third parties, including individuals.

   4. Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

   5. Ricola objects to this Request on the ground that the phrase "Correspondence between you and suppliers and packagers of the Product" is vague and ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 10:** Documents regarding your pricing of the Product, including but not limited to costs, pricing, incentives, discounts, rebates, exchange amounts, as well as retailer data.

**RESPONSE TO REQUEST NO. 10:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

   1. Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

2.      Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3.      Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

4.      Ricola objects to this Request on the ground that the phrase "regarding your pricing of the Product, including but not limited to costs, pricing, incentives, discounts, rebates, exchange amounts, as well as retailer data" is vague and ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 11:** Documents regarding pricing of similar products including those made by competitors and Defendant, in the same and similar categories, including but not limited to costs, pricing, incentives, discounts, rebates, exchange amounts, as well as retailer data.

**RESPONSE TO REQUEST NO. 11:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

1.      Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

2.      Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3.      Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

4.      Ricola objects to this Request on the ground that the phrase "regarding pricing of similar products including those made by competitors and Defendant, in the same and similar categories, including but not limited to costs, pricing, incentives, discounts, rebates, exchange amounts, as well as retailer data" is vague and ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 12:** Documents regarding competitors of the Product.

**RESPONSE TO REQUEST NO. 12:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

1.      Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

2.      Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3.      Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

4.      Ricola objects to this Request on the ground that the phrase "regarding competitors of the Product" is vague and ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 13:** Documents substantiating the Representations on the Product.

**RESPONSE TO REQUEST NO. 13:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

1.      Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

2.       Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3.       Ricola objects to this Request to the extent it seeks to apply the defined term "Representations" and is therefore not limited to the representations identified in the operative Complaint.

4.       Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

5.       Ricola objects to this Request on the ground that the phrase "substantiating the Representations on the Product" is vague and ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 14:** Documents relating to your policy concerning the retention, storage, or destruction of any document.

**RESPONSE TO REQUEST NO. 14:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

1.       Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

2.       Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3.      Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

4.      Ricola objects to this Request on the ground that the phrase "relating to your policy concerning the retention, storage, or destruction of any document" is vague and ambiguous, overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections, Ricola states that it will produce its current document retention policy pursuant to the terms of a protective order at a mutually convenient time.

**REQUEST NO. 15:** All insurance policies or indemnification agreements that may provide coverage for any of the claims in this action, or that may provide reimbursement for payments made in defense, and correspondence concerning coverage relating to this action.

**RESPONSE TO REQUEST NO. 15:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

1.      Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

2.      Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

3.      Ricola objects to this Request on the ground that the phrase "insurance policies or indemnification agreements that may provide coverage for any of the claims in this action, or that may provide reimbursement for payments made in defense, and correspondence

concerning coverage relating to this action" is vague and ambiguous, overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections, Ricola states that it is not aware of any insurance policy or indemnification agreement that will provide coverage of the claims in this action or reimbursement of payments made in defense of this action.

**REQUEST NO. 16:** Documents that report, describe, summarize, analyze, discuss or comment on competition from, or the marketing or sales strategies, market shares or projected market shares, market conditions or the profitability of any competing company in the supply, manufacture, distribution or sale of the Product.

**RESPONSE TO REQUEST NO. 16:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

1.      Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

2.      Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3.      Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

4.      Ricola objects to this Request on the ground that the phrase "that report, describe, summarize, analyze, discuss or comment on competition from, or the marketing or sales strategies, market shares or projected market shares, market conditions or the profitability

of any competing company in the supply, manufacture, distribution or sale of the Product" is vague and ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 17:** Sales data for the Product within the states which comprise the putative classes and in the United States showing units sold, cost of units, markup cost and percentage and retail prices of units sold, during the Relevant Period.

**RESPONSE TO REQUEST NO. 17:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

      1.    Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

      2.    Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

      3.    Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

      4.    Ricola objects to this Request on the ground that the phrase "Sales data for the Product within the states which comprise the putative classes and in the United States showing units sold, cost of units, markup cost and percentage and retail prices of units sold, during the Relevant Period" is vague and ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 18:** All product information and specification sheets for the ingredients used in the Product during the Relevant Period.

**RESPONSE TO REQUEST NO. 18:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

1.      Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

2.      Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3.      Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

4.      Ricola objects to this Request on the ground that the phrase "product information and specification sheets for the ingredients used in the Product during the Relevant Period" is vague and ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 19:** Documents showing all physical testing of the Product and its components.

**RESPONSE TO REQUEST NO. 19:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

1.      Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

2.      Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3.      Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

4.     Ricola objects to this Request on the ground that the phrase "showing all physical testing of the Product and its components" is vague and ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 20:** Documents identifying all ingredients in the Product during the Relevant Time Period.

**RESPONSE TO REQUEST NO. 20:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

1.     Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

2.     Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3.     Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

4.     Ricola objects to this Request on the ground that the phrase "identifying all ingredients in the Product during the Relevant Time Period" is vague and ambiguous, overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections, Ricola states that it will produce copies of each variation of the labels for the products named in the operative Complaint for the past four years – which contain ingredients lists compliant with the relevant FDA regulations – to the extent that they are in Ricola's possession, custody, and control and may be

located after a reasonable and diligent search pursuant to the terms of a protective order and at a mutually convenient time.

**REQUEST NO. 21:** Documents identifying the suppliers of the ingredients used in the Product during the Relevant Time Period.

**RESPONSE TO REQUEST NO. 21:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

1.      Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

2.      Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3.      Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

4.      Ricola objects to this Request on the ground that the phrase "identifying the suppliers of the ingredients used in the Product during the Relevant Time Period" is vague and ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 22:** Documents reflecting how you determine to price the Product.

**RESPONSE TO REQUEST NO. 22:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

1.      Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

2.      Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3.      Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

4.      Ricola objects to this Request on the ground that the phrase "reflecting how you determine to price the Product" is vague and ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 23:** Documents reflecting that you charge a premium for the Product.

**RESPONSE TO REQUEST NO. 23:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

1.      Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

2.      Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3.      Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

4.      Ricola objects to this Request on the ground that the phrase "reflecting that you charge a premium for the Product" is vague and ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 24:** Documents regarding consumer interpretation of the labels of the Product, including, but not limited to, consumer surveys and focus group studies on the Product.

**RESPONSE TO REQUEST NO. 24:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

      1.     Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

      2.     Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

      3.     Ricola objects to this Request on the ground and to the extent that it seeks information protected by the privacy rights of third parties, including individuals.

      4.     Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

      5.     Ricola objects to this Request on the ground that the phrase "regarding consumer interpretation of the labels of the Product, including, but not limited to, consumer surveys and focus group studies on the Product" is vague and ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 25:** All consumer complaints regarding the Product during the Relevant Period.

**RESPONSE TO REQUEST NO. 25:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

      1.     Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

2.      Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3.      Ricola objects to this Request on the ground and to the extent that it seeks information protected by the privacy rights of third parties, including individuals.

4.      Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

5.      Ricola objects to this Request on the ground that the phrase "consumer complaints regarding the Product during the Relevant Period" is vague and ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 26:** Documents regarding your costs of producing the Product and its components.

**RESPONSE TO REQUEST NO. 26:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

1.      Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

2.      Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3.      Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

4.      Ricola objects to this Request on the ground that the phrase "regarding your costs of producing the Product and its components" is vague and ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 27:** Documents showing variations of the final packaging and labeling of the Product during the past 4 years.

**RESPONSE TO REQUEST NO. 27:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

1.      Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

2.      Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3.      Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

4.      Ricola objects to this Request on the ground that the phrase "showing variations of the final packaging and labeling of the Product during the past 4 years" is vague and ambiguous, overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections, Ricola states that it will produce copies of each variation of the labels for the products named in the operative Complaint, for the past four years, to the extent that they are in Ricola's possession, custody, and control and may be located after a reasonable and diligent search pursuant to the terms of a protective order and at a mutually convenient time.

**REQUEST NO. 28:** Copies of texts used for all advertising on radio, the internet (including social media), print, television and any other medium for the Product during the relevant period.

**RESPONSE TO REQUEST NO. 28:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

        1.      Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

        2.      Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

        3.      Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

        4.      Ricola objects to this Request on the ground that the phrase "texts used for all advertising on radio, the internet (including social media), print, television and any other medium for the Product during the relevant period" is vague and ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 29:** Documents showing any consumers surveys or studies regarding consumer interpretation of the Product labels carried out by you or by a third-party on your behalf. Include the name of survey or study, dates they were conducted, and BATES range in any production.

**RESPONSE TO REQUEST NO. 29:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

        1.      Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

2.      Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3.      Ricola objects to this Request on the ground and to the extent that it seeks information protected by the privacy rights of third parties, including individuals.

4.      Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

5.      Ricola objects to this Request on the ground that the phrase "showing any consumers surveys or studies regarding consumer interpretation of the Product labels carried out by you or by a third-party on your behalf" is vague and ambiguous, overly broad and unduly burdensome.

6.      Ricola objects to this Request on the ground that the Request includes a demand which attempts to impose obligations on Ricola other than those imposed or authorized by applicable law or rule.  Specifically, the Request improperly attempts to cause Ricola to create documents to "Include the name of survey or study, dates they were conducted, and BATES range in any production."

**REQUEST NO. 30:** Third-party correspondence and inquiries relating to suitability of the Product for its intended purposes.

**RESPONSE TO REQUEST NO. 30:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

1.      Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

2.      Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3.      Ricola objects to this Request on the ground and to the extent that it seeks information protected by the privacy rights of third parties, including individuals.

4.      Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

5.      Ricola objects to this Request on the ground that the phrase "Third-party correspondence and inquiries relating to suitability of the Product for its intended purposes" is vague and ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 31:** All documents substantiating any of your affirmative defenses to the causes of actions.

**RESPONSE TO REQUEST NO. 31:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

1.      Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

2.      Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3.      Ricola objects to this Request on the ground and to the extent that it seeks information protected by the privacy rights of third parties, including individuals.

4.      Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

5.      Ricola objects to this Request on the ground that the phrase "substantiating any of your affirmative defenses to the causes of actions" is vague and ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 32:** Documents regarding your decision-making process and decision to use the Representations on the Product, including the intended, anticipated, and actual implications of, and inferences consumers draw from these Representations.

**RESPONSE TO REQUEST NO. 32:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

1.      Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

2.      Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3.      Ricola objects to this Request to the extent it seeks to apply the defined term "Representations" and is therefore not limited to the representations identified in the operative Complaint.

4.      Ricola objects to this Request on the ground and to the extent that it seeks information protected by the privacy rights of third parties, including individuals.

5.      Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

6.     Ricola objects to this Request on the ground that the phrase "regarding your decision-making process and decision to use the Representations on the Product, including the intended, anticipated, and actual implications of, and inferences consumers draw from these Representations" is vague and ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 33:** All communications concerning with non-profit organizations and trade groups regarding the Product.

**RESPONSE TO REQUEST NO. 33:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

1.     Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

2.     Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

3.     Ricola objects to this Request on the ground and to the extent that it seeks information protected by the privacy rights of third parties, including individuals.

4.     Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

5.     Ricola objects to this Request on the ground that the phrase "communications concerning with non-profit organizations and trade groups regarding the Product" is vague and ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 34:** Supplier and ingredient information for the ingredients used in the Product.

**RESPONSE TO REQUEST NO. 34:** In addition to the grounds set forth in the Objections to Definitions and General Objections, Ricola objects to this Request on the following grounds:

        1.     Ricola objects to this Request to the extent it seeks documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

        2.     Ricola objects to the Request to the extent it seeks the production of documents that are not relevant to the subject matter of this action and/or the production of which is not proportional to the needs of the case pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure.

        3.     Ricola objects to this Request on the ground and to the extent that it seeks information protected by the privacy rights of third parties, including individuals.

        4.     Ricola objects to this Request on the ground that it seeks confidential or proprietary information, and/or protected trade secrets.

        5.     Ricola objects to this Request on the ground that the phrase "Supplier and ingredient information for the ingredients used in the Product" is vague and ambiguous, overly broad and unduly burdensome.

Dated:  November 29, 2022

By:  */s/ David Poell*

David M. Poell
Sheppard Mullin Richter & Hampton LLP
70 West Madison Street, 48th Floor
Chicago, Illinois 60602
Telephone:  (312) 499-6349
Facsimile:  (312) 499-6301
E mail: dpoell@sheppardmullin.com

Paul Garrity
Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza,
New York, NY 10112

Telephone:  (212) 653-8700
Facsimile:  (212) 653-8701
E mail: pgarrity@sheppardmullin.com

*Counsel for Defendant Ricola USA, Inc.*

<u>PROOF OF SERVICE</u>
<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

*Lacie Davis v. Ricola USA*
USDC Case Number 3:22-cv-03071-SEM-KLM

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On November 29, 2022, I served true copies of the following document(s) described as **DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION** on the interested parties in this action as follows:

| | |
|---|---|
| Sheehan & Associates, P.C. | Email:  spencer@spencersheehan.com |
| Spencer Sheehan | Tel: (516) 268-7080 |
| 60 Cuttermill Rd., Ste. 412 | cc:     Mitchell Domovsky, Paralegal |
| Great Neck, NY 11021 | Email: mdomovsky@spencersheehan.com |

☒       **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address tfielding@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 29, 2022, at Los Angeles, California.

TRACY L. FIELDING

11GW-356967