IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LACIE DAVIS, individually and on Behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RICOLA USA, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 22-cv-3071<br>)<br>)<br>)<br>) |

OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendant Ricola USA, Inc.'s Motion for Summary Judgment (Doc. 35).

## I.   FACTUAL BACKGROUND

In her complaint, Plaintiff Lacie Davis states that Defendant Ricola USA, Inc. manufactures, labels, markets, and sells cough suppressant and oral anesthetic lozenges "Made With Swiss Alpine Herbs" ("the product"). (Doc. 1 at 1). Representations include "Original Herb Cough Drops," "Great Tasting," "Effective Relief," and pictures of peppermint, elder, wild thyme, horehound, hyssop, mallow, sage, linden flowers, lemon balm and thyme, and a picture of an amber lozenge. (*Id.* at 2). Plaintiff further alleges that in recent decades, there has been a large increase in consumer consumption and usage of products containing herbal extracts for several reasons. (*Id.* at 2-3). Plaintiff contends representations that herbal ingredients are responsible for the product's therapeutic effects are misleading. (*Id.* at 3-5).

The active ingredient in the product is menthol, which Defendant alleges is 100% herbal. (Doc. 35 at 3). In response, Plaintiff alleges Defendant's assertion is misleading because her allegations are based on the label "not specifically saying that it has menthol. It is claiming that it is all Swiss Alpine herbs." (Doc. 40 at 3). The Drug Facts panel on the back of the product's packaging discloses menthol as an active ingredient in the product. (*Id.*) The product functions as a cough suppressant and oral anesthetic due to the presence of menthol in the product. (*Id.*) Peppermint is one of the herbs depicted on the front of the product's label. (*Id.*) The menthol in the product is obtained directly from mint, either from corn mint or from peppermint. (*Id.*)

Defendant notes that Plaintiff did not submit any expert report purporting to opine on the nature of the menthol in the product. (*Id.* at 4). Plaintiff has presented no testing to support her allegation that the menthol in the product is synthetic. (*Id.*) Plaintiff did not submit a rebuttal expert report. (*Id.*) Furthermore, Plaintiff has not produced any facts contradicting the herbal nature of the menthol in the product or otherwise showing that the menthol in the product is synthetic. Plaintiff testified she does not consider menthol to be an herbal ingredient. (*Id.*) In response to Defendant's allegations, Plaintiff asserts her allegations are not based on whether the menthol is natural or synthetic because "the Product's therapeutic effect is not provided by any of the herbs pictured on the front label." (Doc. 40 at 3-4). Plaintiff has admitted she does not know whether the menthol in the product is herbal or synthetic. (Doc. 35 at 4). Moreover, Plaintiff did not submit an expert report opining as to the actual damages suffered by Plaintiff. (*Id.*)

Defendant further notes Plaintiff did not submit an expert report purporting to establish that Defendant intended for her to rely on the alleged "misrepresentations" for information regarding the "herbal" qualities of the product's active ingredients. (Doc. 35 at 4). Plaintiff also has not identified any facts to support an allegation that Defendant intended for her to rely on the alleged "misrepresentations" for information regarding the "herbal" qualities of the product's active ingredients. (*Id.*) In response, Plaintiff alleges she need not establish intent to assert an ICFA violation. (Doc. 40 at 5).

Defendant markets the product under two FDA-approved monographs: The Cold, Cough, Allergy, Bronchodilator, and Antiasthmatic Drug Products For Over-The-Counter Human Use Monograph M012 ("Cold/Cough Monograph") (21 C.F.R. pt. 341) and the Oral Health Care Drug Products for Over-the-Counter Human Use tentative final monograph ("Oral Anesthetic Monograph") (proposed 21 C..F.R. pt. 356) (53 Fed. Reg. 2436 (Jan. 27, 1988)). (Doc. 35 at 5). The active ingredient in the product is menthol. (*Id.*) While Plaintiff does not dispute that menthol is the product's active ingredient, Plaintiff's allegations under the ICFA are based on the fact "the herbs promoted on the front label are exclusively 'Inactive Ingredients.'" (Doc. 40 at 6). The Cold/Cough Monograph and Oral Anesthetic Monograph permit "menthol" to be listed as an active ingredient. The Cold/Cough Monograph and Oral Anesthetic Monograph do not distinguish between herbal menthol and synthetic menthol. (Doc. 35 at 5). In response, Plaintiff states that her allegations are not based on whether the menthol is natural or synthetic but because "the Product's therapeutic effect is not provided by any of the herbs pictured on the front label." (Doc. 40 at 6).

In an Order entered on September 12, 2022, United States District Judge Sue E. Myerscough dismissed Plaintiff's claims for breach of express warranty, implied warranty of merchantability, and implied warranty of fitness for a particular purpose under the Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, along with her claim for negligent misrepresentation and demand for injunctive relief. (Doc. 11 at 23). Plaintiff's remaining claims are pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.*, and for common-law unjust enrichment. (Doc. 1 at 10-14). While Plaintiff initially sought class certification under Federal Rule of Civil Procedure 23, the Court denied Plaintiff's motion for class certification at the conclusion of the hearing on the motion. (Minute Entry of 12/13/2023).

Defendant contends summary judgment is warranted for five different reasons: (1) Plaintiff cannot show that Defendant engaged in a deceptive act or practice because the menthol in the product comes solely from herbs; (2) Plaintiff has no evidence to establish Defendant's intent; (3) Plaintiff has failed to offer any evidence of actual damages; (4) Plaintiff lacks standing under Article III because she has suffered no concrete injury; and (5) Plaintiff's claims are expressly preempted by the Food, Drug, and Cosmetic Act ("FDCA"). (Doc. 35 at 8).

## II.   DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate if the motion is properly supported and "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those that might affect the

outcome of the suit, and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Biggs v. Chic. Bd. of Educ.*, 82 F.4th 554, 559 (7th Cir. 2023) (internal quotation marks and citation omitted). The Court views the evidence and construes all reasonable inferences in favor of the non-movant. *Driveline Systems, LLC v. Arctic Cat, Inc.*, 936 F.3d 576, 579 (7th Cir. 2019). To create a genuine factual dispute, however, any such inference must be based on something more than "speculation or conjecture." *See Harper v. C.R. England, Inc.*, 687 F.3d 297, 306 (7th Cir. 2012) (citation omitted). "The court does not assess the credibility of witnesses, choose between competing reasonable inferences, or balance the relative weight of conflicting evidence." *Driveline Systems*, 936 F.3d at 579 (internal quotation marks omitted).

### B. Standing

The Court will first address standing, which is a threshold question under Article III of the Constitution that "is jurisdictional and cannot be waived." *Dinerstein v. Google, LLC*, 73 F.4th 502, 511 (7th Cir. 2023). "To sue in federal court, a plaintiff must have suffered (1) a concrete, particularized, and actual or imminent injury (an "injury in fact") (2) that is fairly traceable to the defendant and (3) that is likely to be redressed by a favorable judicial decision." *Id.* A plaintiff's burden to assert standing changes with the procedural posture of the case. *Gracia v. SigmaTron International, Inc.*, 986 F.3d 1058, 1063 (7th Cir. 2021). "When litigation moves beyond the pleading stage and Article III standing is challenged as a factual matter, a plaintiff can no longer rely on mere allegations of

injury; he must provide *evidence* of a legally cognizable injury in fact." *Flynn v. FCA US LLC*, 39 F.4th 946, 949-50 (7th Cir. 2022) (emphasis in original).

In her complaint, Plaintiff alleges she relied on Defendant's representations and omissions to believe the product served as a cough suppressant and oral anesthetic due to the presence of herbal ingredients. Plaintiff further claims she "would not have purchased the product or paid as much if the true facts had been known, suffering damages." (Doc. 1 at 10). However, Plaintiff has cited no evidence in support of this assertion and Plaintiff's expert, Andrea Matthews, Ph.D., simply indicated she might be able to perform testing in the future and discussed some different types of tests that could be performed. Plaintiff also states she was not required to submit a report establishing actual damages, though Plaintiff's citation does not support that assertion. Moreover, Plaintiff is required to show she suffered an injury in fact to establish standing. Plaintiff does not dispute the conclusions of Defendant's expert, Stefan Gafner, Ph.D., that the menthol in the product is 100% herbal and the product functions as a cough suppressant and oral anesthetic due to the presence of menthol. Dr. Gafner further determined that the menthol in the product is obtained directly from mint, either from corn mint or from peppermint. Regarding Dr. Gafner's conclusions, Plaintiff cites *Kraft, Inc. v. F.T.C.*, 970 F.2d 311 (7th Cir. 1992) for the proposition that "even literally true statements can have misleading implications." *Id.* at 322. However, Plaintiff does not identify any misleading implications in this case.

Additionally, Plaintiff has not even responded to Defendant's argument concerning standing. To the extent that Plaintiff suggests she and other consumers were

deceived by paying premium prices for synthetic menthol or for a product that did not include Swiss Alpine herbs, the undisputed evidence establishes that the active ingredient is in fact herbal. The record establishes that Plaintiff paid for and received a cough suppressant and oral anesthetic with an active herbal ingredient. Therefore, even when the evidence and all reasonable inferences are viewed in favor of Plaintiff, the Court concludes Plaintiff has not shown that she suffered any cognizable injury to support Article III standing. Defendant is entitled to judgment as a matter of law.

### III. CONCLUSION

For all of these reasons, the Court concludes Plaintiff suffered no injury and thus lacks standing. This case will be dismissed for lack of subject matter jurisdiction. A determination that plaintiff lacks standing means that the Court lacks jurisdiction. *See Flynn*, 39 F.4th at 954 ("When a district court concludes that the plaintiff lacks standing—and thus that the court lacks jurisdiction—the judge may either dismiss without leave to amend or dismiss without prejudice.").

Therefore, Defendant Ricola USA, Inc.'s Motion for Summary Judgment [Doc. 35] is GRANTED. This case is Dismissed for lack of subject matter jurisdiction and without leave to amend the complaint.

The Clerk will enter judgment and terminate this case.

ENTER: September 26, 2024

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE