# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LACIE DAVIS, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) | Case No. 3:22-cv-03071-CRL-KLM |
| ) | |
| v. ) | Hon. District Judge Colleen R. Lawless |
| ) | |
| RICOLA USA, INC., ) | Hon. Magistrate Karen L. McNaught |
| ) | |
| Defendant. ) ) ) | |

## RICOLA USA, INC.'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

## ORAL ARGUMENT REQUESTED

**TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ..................................................................................................1

II. MR. SHEEHAN FAILS TO DEMONSTRATE THAT SANCTIONS SHOULD NOT BE IMPOSED AGAINST HIM UNDER 28 U.S.C. § 1927 ...................................2

    A. Mr. Sheehan Has No Justifiable Excuse For His Conduct .....................2

    B. Section 1927 Sanctions Are Particularly Warranted Against Mr. Sheehan In Light of His Pattern of Vexatious Litigation Conduct In This and Other Cases ................................................................................................................4

III. ICFA SEPARATELY SUPPORTS AN AWARD OF FEES AGAINST PLAINTIFF ..............................................................................................................6

IV. CONCLUSION ......................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Donahoe*
   699 F.3d 989 (7th Cir. 2012) ...................................................................................................3

*Cintora v. Downey*
   No. 08-cv-2298, 2010 U.S. Dist. LEXIS 19763 (C.D. Ill. Mar. 4, 2010)..................................7

*Dakus v. KLM*
   No. 22-CV-7962 (RA), 2024 U.S. Dist. LEXIS 171421 (S.D.N.Y. Sep. 23, 2024) .............3, 4

*DirecTV, Inc. v. Reyes*
   No. 03 C 8056, 2006 U.S. Dist. LEXIS 31722 (N.D. Ill. May 4, 2006) ...............................1, 3

*Durant v. Big Lots, Inc.*
   No. 5:23-cv-561-GAP-PRL, 2024 U.S. Dist. LEXIS 117627 (M.D. Fla. July 3, 2024) ...........5

*Guzman v. Walmart Inc.*
   No. 22-cv-3465, 2023 WL 4535903 (N.D. Ill. May 15, 2023)..................................................5

*Jolly Group, Ltd. v. Medline Industries, Inc.*
   435 F.3d 717 (7th Cir. 2006) ................................................................................................2, 4

*Riddle & Assocs., P.C. v. Kelly*
   414 F.3d 832 (7th Cir. 2005) ................................................................................................2, 6

**Statutes**

28 U.S.C. § 1927................................................................................................1, 2, 3, 4, 5, 6

I.  **INTRODUCTION**

Plaintiff and her counsel, Spencer Sheehan, do not dispute that: (i) the menthol active ingredient in the Product is herbal, (ii) the Gafner Report conclusively established this fact in September 2023, or (iii) that Ricola's requested fees are reasonable. Instead, Plaintiff and Mr. Sheehan assert that there is no "bad faith" supporting an award of fees under 28 U.S.C. § 1927 or ICFA because they could not "unilaterally terminate" this case upon learning that Plaintiff's claims were meritless. (ECF No. 71 at pp. 8-10.) This argument is contrary to both the Federal Rules of Civil Procedure and Mr. Sheehan's obligations as an officer of the court.

Rule 41(a)(2) provides that, after a defendant files an answer or summary judgment motion, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Such a motion "is permitted even when the motion comes on the eve of trial." *DirecTV, Inc. v. Reyes*, No. 03 C 8056, 2006 U.S. Dist. LEXIS 31722, at *6 (N.D. Ill. May 4, 2006). Hence, nothing precluded Plaintiff (or her counsel) from seeking to voluntarily dismiss this case after receiving the Gafner Report. Plaintiff never sought to do so. Instead, without any factual basis to support her claims, Plaintiff and Mr. Sheehan continued to litigate this case and opposed Ricola's motion for summary judgment, asserting *without any evidence* that the menthol in the Product was "not an herb." (ECF No. 37 at pp. 13-14.)

Plaintiff and Mr. Sheehan's decision to continue litigating this case through summary judgment, despite having no evidence to support the claims, *was entirely within their control*. Nevertheless, Plaintiff and her counsel refuse to take any accountability whatsoever – with Mr. Sheehan going so far as to blame *Plaintiff* for his actions in this case by asserting that Ricola does not know "whether Plaintiff's Counsel acted at Plaintiff's directives." (ECF No. 71 at pp. 6-7.)

Regardless of whether Mr. Sheehan was instructed to continue to pursue this case by Plaintiff, Plaintiff never had any evidence to support her allegation that the active ingredient in the

Product was not herbal. As such, their decision to continue to litigate Plaintiff's claims after receiving the Gafner Report was bad faith under both section 1927 and ICFA.

## II. SANCTIONS SHOULD BE IMPOSED AGAINST PLAINTIFF'S COUNSEL PURSUANT TO 28 U.S.C. § 1927

### A. Plaintiff's Counsel Has No Justifiable Excuse For His Conduct

As an initial matter, Plaintiff's opposition appears to conflate arguments regarding an award of fees to a prevailing defendant under ICFA with an award of fees under 28 U.S.C. § 1927, ignoring that they are different statutes with separate goals, standards, and purposes.[1] Unlike ICFA's prevailing party statute, the primary "purpose of § 1927 'is to **deter** frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them.'" *Riddle & Assocs., P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005) (emphasis added). In support of this deterrent purpose, the Seventh Circuit has found that section 1927 imposes "a continuing duty **upon attorneys** to dismiss claims that are no longer viable" and that a failure to do so amounts to bad faith. *Jolly Group, Ltd. v. Medline Industries, Inc.* 435 F.3d 717, 720 (7th Cir. 2006).

As set forth in the moving papers, Mr. Sheehan's decision to proceed with Plaintiff's claims, even after receiving the Gafner Report, amounts to a breach of Mr. Sheehan's duty under section 1927 and evidences both subjective and objective bad faith. (Mot. at pp. 13-15.) Plaintiff's opposition fails to directly address any of these arguments under section 1927. However, it is evident that Mr. Sheehan refuses to take any accountability for his actions and instead offers several varying excuses for his failure to dismiss this lawsuit. None of these excuses have merit.

First, Mr. Sheehan argues that he could not have unilaterally terminated this case without

---

[1] Plaintiff's opposition is largely silent regarding section 1927 and makes only a single passing reference to the statue in fourteen pages – instead framing all of her arguments under the legal standards applicable only to ICFA's prevailing party statute. (ECF No. 71 at p. 10.)

a stipulation from Ricola, but his argument lacks merit. Notwithstanding that Mr. Sheehan never offered such a stipulation, this assertion is simply untrue. Pursuant to Federal Rule of Civil Procedure 41(a)(2), after the filing of an answer or summary judgment motion, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *See also DirecTV,* 2006 U.S. Dist. LEXIS 31722, at *6 (such a motion can be brought at any time). Thus, the Federal Rules of Civil Procedure do not somehow shield Mr. Sheehan from liability under section 1927.

Moreover, not only did Mr. Sheehan fail to dismiss the claims, he continued to litigate them without evidence. In both its opposition to the class certification and its motion for summary judgment, Ricola made clear that the Gafner Report conclusively disproved Plaintiff's allegations regarding the Product's herbal active ingredient. (*See* ECF No. 30 at pp. 2, 11; ECF No. 34 at pp. 6-7.) Despite Mr. Sheehan having notice of these facts for months and no evidence to the contrary, he argued in Plaintiff's opposition to Ricola's motion for summary judgment that menthol "is not an herb" and can "be made in a lab." (ECF No. 37 at pp. 13-14.) This was no fault of Ricola's. Mr. Sheehan could have (and was required to) dismiss the claims under section 1927 once he learned that there was evidence to support them. Instead, he *chose* to make false assertions in his pleading regarding the menthol in the Product and oppose summary judgment.

Second, Mr. Sheehan spends several pages attempting to re-cast Plaintiff's allegations in an effort to diminish the significance of the Gafner Report, but Plaintiff's complaint framed the issues. (ECF No. 71 at pp. 10-12.) Just as during the summary judgment stage, it is Plaintiff's complaint that sets the theory of deception. *See Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012); (*see also* ECF No. 37 at pp 14-15.) As the Court correctly found in granting Ricola's

summary judgment motion,[2] Plaintiff's theory of deception (i.e., her alleged harm) depended on her mistaken belief that the active ingredient in the Product was not herbal. (ECF No. 63 at pp. 6-7.) Upon learning that the Product's active ingredient was herbal, Plaintiff's alleged theory of deception was therefore no longer viable and Mr. Sheehan had a duty to dismiss the claims.

Finally, Mr. Sheehan avers that Ricola does not know "whether Plaintiff's Counsel acted at Plaintiff's directives" in an apparent attempt to insinuate that *Plaintiff* rather than Mr. Sheehan is at fault for continuing to prosecute this case.[3] (ECF No. 71 at pp. 6-7.) Mr. Sheehan (not just Plaintiff) had "a continuing duty" to dismiss claims "that are no longer viable." *Jolly Group*, 435 F.3d at 720. As discussed above, Mr. Sheehan certainly knew when he was drafting the opposition to Ricola's summary judgment motion that the menthol in the Product was 100% herbal. Yet Mr. Sheehan chose to assert that it was "not an herb" anyway. Thus, despite his attempts to deflect blame, Mr. Sheehan was far from an innocent actor and his decision to pursue Plaintiff's meritless claims after receiving the Gafner Report amounted to bad faith under section 1927.

**B.     Section 1927 Sanctions Are Particularly Warranted Against Plaintiff's Counsel In Light of His Pattern of Vexatious Litigation Conduct In This and Other Cases**

Mr. Sheehan further asserts that Ricola's fee motion is simply a "punitive attempt to chill advocacy, without a lawful purpose." (ECF No. 71 at p. 15.) But Mr. Sheehan was not simply "advocating" in this case. As he did in *Dakus v. KLM,* Mr. "Sheehan continued to pursue his client's claims after receiving clear notice—through [the Gafner Report and Ricola's opposition to his motion for class certification]—that allegations central to those claims were false." 2024

---

[2] The deadline for Plaintiff to appeal the Court's order dated September 26, 2024 has since passed and the Court's order is therefore final. Fed. Rules App. Proc. R. 4.

[3] Even if Plaintiff had instructed Mr. Sheehan to proceed, Illinois Rule of Professional Conduct 1.2(d) prohibits an attorney from facilitating conduct he knows to be fraudulent. *See also* Ill. R. Prof'l Conduct 1.16(a) (requiring withdrawal if continuing representation "will result in violation of the Rules of Professional Conduct").

U.S. Dist. LEXIS 171421, at *11 (S.D.N.Y. Sep. 23, 2024). This fact can be easily verified by comparing the findings of the Gafner Report with Mr. Sheehan's unsubstantiated assertions in Plaintiff's opposition to Ricola's motion for summary judgment – which lacked any supporting evidence whatsoever. (*Compare* ECF No. 31-4, ¶¶ 7, 28-30, 34-35 *with* ECF No. 37 at pp. 13-14.)

Mr. Sheehan's actions here, and in *Dakus*, follow a larger pattern of disregard for his obligations under the Federal Rules. Courts around the nation have repeatedly admonished Mr. Sheehan for his misconduct in prosecuting other false advertising class action cases. *See* e.g., *Guzman v. Walmart Inc.*, No. 22-cv-3465, 2023 WL 4535903, at *2-4 (N.D. Ill. May 15, 2023); *Durant v. Big Lots, Inc.*, No. 5:23-cv-561-GAP-PRL, 2024 U.S. Dist. LEXIS 117627, at *20 (M.D. Fla. July 3, 2024) ("Sheehan has undeniably acted in bad faith throughout this case—in addition to perpetrating a fraud on this Court.").

Moreover, as set forth in the moving papers, Mr. Sheehan has continued to harass Ricola by filing frivolous lawsuits throughout the nation after finding named plaintiffs to support his new "theories" through attorney advertising. (Mot. at pp. 17-19.) Indeed, following the filing of the instant motion for attorneys' fees, Mr. Sheehan filed yet another action against Ricola in New York state court entitled *Stewart v. Ricola USA, Inc.* (New York Supreme Court, County of Bronx, Case No. TC241023-B9). He then proposed that he would dismiss that case, along with the case of two other clients against Ricola, if Ricola would withdraw this motion. (Reply Declaration of Sascha Henry, ¶¶ 3-4, Ex. 1.)

As one district court recently stated, "[w]ithout a monetary penalty, this Court's admonishment would simply join the chorus of courts around this nation warning Sheehan to abide by the standards and rules governing this profession." *Durant*, 2024 U.S. Dist. LEXIS 117627, at *20. Here too, imposing sanctions against Mr. Sheehan under section 1927 would not "chill"

legitimate advocacy. To the contrary, it would deter Mr. Sheehan from continuing to pursue meritless claims in other cases – the very purpose for which section 1927 was enacted. *Riddle*, 414 F.3d at 835.

## III. ICFA SEPARATELY SUPPORTS AN AWARD OF FEES AGAINST PLAINTIFF

Plaintiff concedes that courts generally consider five factors in awarding fees to a prevailing defendant under ICFA: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all consumers or businesses or to resolve a significant legal question regarding the Act; and (5) the relative merits of the parties' positions. (ECF No. 71 at p. 8.) Nothing in Plaintiff's opposition changes that these factors weigh heavily in favor of Ricola.

First, Plaintiff offers no reasonable explanation for her failure to dismiss her claims after learning that they were meritless which caused Ricola to needlessly incur fees in bringing its motion for summary judgment. Rather, Plaintiff and Mr. Sheehan argue that her claims could not be dismissed "unilaterally" and that the Gafner Report was "irrelevant" to her allegations in the Complaint. (ECF No. 71 at pp. 8-9, 15-18.) As discussed at length above, neither of these arguments have merit – Plaintiff was free to move to voluntarily dismiss her claims at any time under Rule 41 and she cannot simply sidestep the legal theory alleged in her Complaint to avoid liability. Plaintiff and her counsel did not merely fail to "succeed" in this litigation (ECF No. 71 at pp. 10-11), they submitted an opposition to Ricola's motion for summary judgment in which they *misrepresented facts that they knew to be untrue and which were unsupported by any evidence* in an effort to oppose the merits. (ECF No. 37 at pp. 13-14.) This decision undoubtedly resulted in a "needless increase in the cost of litigation" and amounted to bad faith. *Mach*, 580 F.3d at 501.

Second, Plaintiff does not actually dispute that she can satisfy any fee award. Nor can she, as her agreement with her counsel in this matter provides that Mr. Sheehan will pay "all legal costs and expenses incurred in this matter" on behalf of Plaintiff. (ECF No. 31-1 at p. 7.) The notion that Mr. Sheehan may or may not have acted at the "directive" of his client in failing to dismiss this case does not change this fact. (ECF No. 71 at pp. 12-13.)

Third, although Plaintiff argues that the Court should not consider the actions of her counsel in bringing frivolous claims in other cases in evaluating deterrence under ICFA, deterring litigants from acting in the same way that Plaintiff has *in this case* is alone enough to satisfy this factor. Indeed, deterring plaintiff and others from pursuing claims after learning that there is *no evidence* to support their claims is precisely the kind of deterrence contemplated under ICFA.

Fourth, Plaintiff entirely fails to address the fact that Ricola sought the determination of important legal issues under ICFA. As such, Plaintiff appears to concede the fourth factor. *Cintora v. Downey,* No. 08-cv-2298, 2010 U.S. Dist. LEXIS 19763, at *12 (C.D. Ill. Mar. 4, 2010).

Finally, the "relative merits" do not weigh in favor of Plaintiff simply because two of her claims survived the pleadings stage. (ECF No. 71 at pp. 13-14.) Once Plaintiff was no longer entitled to a presumption of truth under Rule 12(b), she failed to offer any evidence whatsoever to support her allegation that the menthol active ingredient was non-herbal. And Plaintiff's allegation was not only meritless, it was conclusively proven false by the Gafner Report. (ECF No. 64.)

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Ricola respectfully requests that the Court grant its motion and award $60,029.00 against Plaintiff and her counsel, Spencer Sheehan.[4]

---

[4] Plaintiff does not dispute that the $60,029.00 award requested is reasonable. As such, Plaintiff has conceded this argument. *Cintora,* 2010 U.S. Dist. LEXIS 19763, at *12.

Dated:  October 31, 2024

Respectfully submitted,

By: */s/ Sascha Henry*
David M. Poell (Ill. State Bar No. 6302765)
Sheppard Mullin Richter & Hampton LLP
321 N. Clark St., 32nd Flr.
Chicago, Illinois 60602
Telephone:  (312) 499-6349
Facsimile:  (312) 499-6301
E mail: dpoell@sheppardmullin.com

Paul Garrity (N.Y. State Bar No. 2756419)
Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza,
New York, NY 10112
Telephone:  (212) 653-8700
Facsimile:  (212) 653-8701
E mail: pgarrity@sheppardmullin.com

Sascha Henry (Cal. State Bar No. 191914)
Khirin A. Bunker (Cal. State Bar No. 329314)
Sheppard Mullin Richter & Hampton LLP
333 S. Hope St., 43rd Flr.
Los Angeles, CA 90071-1422
Telephone: (213) 620-1780
Facsimile: (213) 620-1398
E mail: shenry@sheppardmullin.com
          kbunker@sheppardmullin.com

*Counsel for Defendant Ricola USA, Inc.*